JAMES STEELE *v.* FIELDING LOWRY, SEN., PETER P. LOWE, AND OTHERS.

Deed of trust made by grantor, the grantee having agreed to accept the trust, and put upon record, is sufficient delivery.

Where a deed of trust conveys property to be held by the trustee, and disposed of, on the direction of the grantor, and invested in lands, for the benefit of the contemplated issue of a marriage, the property conveyed inures for the benefit of such issue, though the grantor die, without directing it sale.

If an administrator take goods on replevin, as the property of his intestate, from the possession of a person who is not owner, and on the trial judgment is rendered against him, equity will direct an assignment of such judgment, for the use of the real owner of the goods.

This was a bill in chancery, sent here for decision from Montgomery county. The principal object of the suit was to obtain the legal construction of a deed of trust, made by Sophia Lowry, deceased, of whom the defendant, Lowe, was administrator, and the other defendants, her late husband and her children by him and

by a former marriage. So much of this deed as is material to a right understanding of, the points decided is as follows :

" This indenture made January 4, 1822, between Sophia Cooper and James Steele," etc. The indenture, after reciting that Mrs. C. had property, goods, etc., that came to her from Mrs. Z. and a former husband, and that a marriage was intended between her and one Fielding Lowry, witnesses that she " gives and grants all her goods, rights, credits, etc., in trust ; that the said James Steele shall sell and dispose of the same whenever, in the opinion of the said Sophia, declared in writing, a reasonable price can be obtained for the same, and shall vest the proceeds in the purchase of lands within the State of Ohio, to be conveyed in fee simple, to the child or children of her, the said Sophia, to be by him, Lowry, begotten, share and share alike ; and in case the said Sophia shall die without issue, then to the heirs of the said Sophia in fee. And in further trust, that the said Steele shall permit the said Sophia to have, use, and occupy the said goods until, in the opinion of said Sophia, a reasonable price can be had for the same."

*The bill states that the marriage took place, and issue was [73 born living, to wit, Fielding Lowry, jr. Mrs. Lowry died in May, 1825, without any declaration, and having in possession the personal property specified in the deed. The defendant Lowe was appointed her administrator, and took an inventory of the goods, etc., found in possession of Lowry the elder, who declined to deliver possession to Lowe. Lowe, who considered the property assets to which he was entitled, prosecuted a writ of replevin, and judgment was rendered against him, in favor of Lowry, sr., for the sum of one thousand four hundred and thirty-six dollars and thirty-one cents. The bill claims that the administrator shall pay the debts of Mrs. Lowry, and prays that the residue may be paid to the complainant, for the benefit of her heirs general, and an injunction to prevent the collection of the judgment recovered by Lowry, sr., against Lowe.

The answer of F. Lowry, sr., denies that the trust deed was ever delivered to the complainant, but states that it was left in the hands of the defendant, and there remained until the death of his wife. He claims the property in his own right, as having been reduced to his possession during coverture, or in right of his infant son, issue of the marriage. The answer of P. P. Lowe, the administrator, admits the principal allegations in the bill, and wishes

the business amicably settled. There are interrogatories filed which do not materially vary the above facts. The infants answer by guardian.

The testimony of Henry Bacon, who drew the trust deed, shows that the facts were known to Lowry, sr., who advised the course. Steele was not present when the deed was executed by Mrs. C., but had been consulted, and agreed to be trustee. The deeds were executed, and directed by the grantor to be put on record, and delivered to the complainant.

Upon this state of the case, three different claims were set up to the personal property enumerated in the deed of trust.

1. F. Lowry, sr., the husband, claimed that the deed was inoperative, and the property vested in him, by possession in right of his wife.

74] *2. F. Lowry, jr., claimed that the entire interest was secured to him, unless the proceeds were necessary for the payment of debts.

3. For the children of Cooper it was claimed that the trust enured for the benefit of the heirs general of the grantor.

The administrator also claimed that the proceeds should be applied to the payment of the debts of the grantor, his intestate, whether incurred before or after her marriage.

Stoddart, for Lowry, sr., contended that the deed of trust to Steele had never been so delivered as to operate.

Collett and Corwin, for F. Lowry, jr., argued that the deed of trust was intended as a provision for the issue of Mrs. C.'s contemplated marriage with Lowry, if she should have such issue, as was evinced by the provision, that on the failure of such issue, the property should go to her heirs general. They cited Reeves Dom. Rel. 182; 3 Term, 618; 2 P. W. 255, 266, 489; 1 Mad. 52; 4 Ves. 708; 5 Ves. 495.

Crane, for the children of Cooper, maintained that the deed created a general trust for the children of the grantor, reserving a power to direct herself that the whole should go to the issue of the marriage, and that this power never being executed, the trust must be held to operate for the use of all.

The claim of the administrator as to the payment of debts, not

being embraced in the opinion of the court, it is not necessary to notice what was urged in support of it.

By the COURT:

It is said, that delivery is either actual, by doing something and saying nothing, or verbally, by saying something and doing nothing; or it may be, by both. So a deed may be delivered by him who makes it, or by any person of his appointment or authority precedent, or assent, or agreement subsequent. Shep. Tou. 55. A deed delivered in trust, for the grantee, is sufficient. 2 Mass. 449. If a deed is read *and not formally delivered, [75 but left in the same place, this is a delivery in law. Crok. Eliz., & Co. Lit. 360. Here the grantee had consented to accept the trust, and the grantor with the knowledge, consent, and approbation of her intended husband, executed the deed, and directed it to be recorded and delivered. The testimony leaves no doubt of the delivery according to the. strictest formalities of the common law. 1 Johns. Ch. 250.

This deed passed the entire estate to the trustee, for the benefit of the issue of the intended marriage, and for want of issue, then to the heirs general of the grantor, reserving the use of the personal property, and a discretion in the donor, as to the time of the sale of the estate. The reservation of power was to direct the sale, whenever, in her opinion, a reasonable price could be obtained. The terms of the reservation would probably embrace the whole estate, both real and personal. The principal object was to turn the personal into real estate, for the proceeds were to be invested in lands in this state. This discretion was a mere division of the trusts for the more effectual security of the issue. Where there is a clear intention that a person shall take, and the mode only is left to the party, that is a trust, which shall never fail by non-execution, or inability of the trustee to exercise it. Brown v. Higgs, 5 Ves. 495.

It would be most unreasonable that the cestui que use should lose the whole estate, because the discretion of directing the time of sale was prevented by the death of the trustee. If the principle should be admitted that there was a resulting trust, by the non-appointment of the grantor, the effect would be a distribution of the estate among the heirs general of Sophia Lowry, expressly contrary to her intention. She has declared, in her deed, this

distribution shall not take place, unless she should die without further issue.

The case of Cook *v.* Brooking, 2 Ves. 51, was very much like the one under consideration. Mallock devised fifteen hundred pounds to S. and J. Snow, to be disposed of upon secret trusts, revealed to S. Snow, who declaring in writing, they should, of the profits, maintain the testator's daughter, Anne, then married, and in case she should survive her husband, she was to have the whole sum; but, in case she died in the lifetime of her husband, then the 76] fifteen hundred *pounds were to go to his daughter L. in such shares and proportions as Anne should advise. Anne died in the lifetime of her husband, and made no appointment. The court held that this was not a resulting trust, and distributed the money amongst the children of L. *per stirpes.* Whether we consult the obvious intention of the donor, or the principles of law applicable to the case, the result is the same, that here is no resulting trust to the heirs of Sophia Lowry, in consequence of her death without declaring her opinion that the time had arrived when a reasonable price could be obtained for the property, secured to the issue of the marriage. The complainant, therefore, as *cestui que trust* for the infant defendant, F. Lowry, jr., is entitled to the property, or its value, either from Lowry the elder, or the person who has obtained the possession of it from him.

But it appears from the pleadings that the defendant, Lowe, as administrator of the estate of Sophia Lowry, prosecuted an action of replevin against F. Lowry, sr., for the personal property mentioned in the deed of trust, and that, having failed to establish his right, judgment has been rendered against him for the sum of one thousand four hundred and thirty-six dollars and thirty-one cents, the value found by a jury under the provisions of the statute. The property belonged to neither of the parties to the suit, and yet the defendant has obtained a judgment for its full value. The law has either transferred that property to the plaintiff, which clearly does not belong to him, or there is a penalty at least to its full value for commencing a groundless action. This is a view of the statute not very favorable to its provisions, as a substitute for the writs, *de retorno habendo* and of *withernam.* It is fortunately, perhaps, not now necessary to consider whether Lowe would be also answerable to the trustee for the property, or its value, in case he elected to bring an action at law upon the tortious possession of

the administrator. This court thinks that without violating any principle of equity, the judgment in favor of Lowry the elder, can be taken as a .trust fund for his infant son. This is upon the grounds that the judgment is more beneficial to the infant than the goods in specie. Lowe can not be aided in this court. This has already been determined in the case of Lowe, Administrator v. F. Lowry, sr., et. al. The *proceedings in replevin have [77 transferred to him the possession of the property, and charged him with the judgment. He must abide by this bitter law. But as that judgment is the proceeds of the infant's property, and as neither the plaintiff nor the defendant in the action had a shadow of legal right, equity requires that Lowry, sr. should transfer it to *cestui que trust*, to be applied according to the declared intention of Sophia Lowry. The court decree that F. Lowry, sr., assign the judgment. recovered in an action of replevin against P. P. Lowe, except the costs, to the complainant, who is to collect the same in the name of Lowry, who is perpetually enjoined from interfering with the collection thereof, or from discharging or releasing the same, or the proceeds thereof. And, as to the other defendants, the bill is to be dismissed. And it is further ordered and decree that the costs of this suit be paid out of the proceeds of the judgment, and the residue be retained by the complainant, for the further directions of this court.