Circuit Court of Licking County.

JOHN J. FULLERTON v. BRANDT G. SMYTHE.

Decided, February Term, 1912.

*Discretion in Granting a Judgment by Default—Action of a Court in so Doing Will Not be Reviewed, When.*

The action of a trial judge in overruling a motion to set aside a judgment granted by default will not be reviewed, where the bill of exceptions discloses no reason for the failure of the defendant to file an answer or demurrer.

*Kibler & Kibler,* for plaintiff in error.
*Smythe & Smythe* and *J. M. Swartz,* contra.

POWELL, J.; VOORHEES, J., and SHIELDS, J., concur.

The defendant in error recovered a judgment against the plaintiff in error and Louisa Fullerton, upon a promissory note signed by said parties, in the court of common pleas of this county, on the 12th day of November, 1910, as upon a default. Before said last named date, the defendant, John J. Fullerton, by his attorney, filed a motion to strike the petition from the

files for want of proper verification, which motion was overruled. On said date, an' application for leave to file an answer was also overruled and refused. Judgment was rendered upon said note as by default. No exceptions were taken to the action of the court in overruling this motion and in refusing leave to. file an answer. Afterwards, on the 25th day of November, 1910, the defendant, John J. Fullerton, filed an answer to the petition of the plaintiff in the court of common pleas, and at the same time filed a motion to set aside the judgment rendered on said 12th day of November, 1910, and that the court grant leave to file such answer, and make an issue thereon in said court. On the 17th day of December, 1910, the said motion was presented to the court upon a hearing, and was found by the court to be without merit, and ought to be overruled, and leave was again refused the defendant to file said answer. Thereupon, the plaintiff in error took a bill of exceptions to the action of the court in refusing to set aside said judgment and grant leave to file an answer. The case is brought into this court upon a petition in error to review and reverse the judgment of the said court of common pleas.

The question to be decided is, whether or not the court of common pleas abused its discretion in refusing to sustain said motion to set aside the judgment rendered on November 12th, and grant leave to the plaintiff in error to file his answer.

The record discloses that the defendant was in default for answer, after the overruling of his motion to strike plaintiff's petition from the files, and that no exceptions were taken to the action of the court in that behalf. The bill of exceptions does not disclose any reason whatever for the defendant being in default for answer or demurrer; and, unless the record discloses some good and sufficient reason why plaintiff in error was in default at that time, we think we are not authorized to review the action of the court below in a matter of discretion, unless the record further shows that such discretion has been abused.

It is said by Judge Hitchcock, in the case of *Fowble* v. *Walker,* found in the 4 Ohio Reports, at page 64:

"The only question which can now be examined is, whether the court erred in refusing to sustain this motion. Motions of this description, or those somewhat similar in their nature, are frequently made, and are always addressed to the sound discretion of the court. By sound discretion, I do not mean an arbitrary discretion, but such a discretion as may be exercised without the violation of any principles of law. Parties, not unfrequently, in the progress of a cause, lose advantages in consequence of their own negligence or laches, to which they may or may not be restored on motion, at the discretion of the court. If restored, it must be upon such terms as the court thinks proper to impose. Motions to set aside non-suits or defaults, for new trials, to amend pleadings, etc., are within every day practice, and it is discretionary with the court to grant or refuse them. Where, however, an advantage has been lost to a party in consequence of sheer negligcnee, it is rare indeed that a court will, on motion, grant relief. For instance, a defendant neglects to plead, and suffers judgment to go by default. It must be an extraordinary case that will induce the court to set aside the default, unless the defendant offers some plausible excuse at least for his neglect."

We think that this dictum of the higher court is applicable to this case; that until the plaintiff in error, Fullerton, shows, by evidence embodied in a bill of exceptions, some plausible excuse for failing to have his answer on file, or why he was in default, we are not authorized, without such showing, to reverse the judgment of the court below. It is true that the answer attached to his bill of exceptions, and made a part of it, sets out what would be a complete defense if sustained; but it is simply as any other answer would be in raising an issue and while it states a good defense, we are not aware of any reason why an issue should not be joined on it as upon any other answer.

The judgment of the court of common pleas is affirmed.