## NEWHALL *et al.* *v.* PROVOST *et al.*

*A sheriff has no right, after making a return, to amend so as to affect rights which have already vested.*

APPEAL from the District Court of the Fourth Judicial District.

The plaintiffs filed their bill of foreclosure of a mortgage made by defendants to F. W. Page, and by him assigned to plaintiffs, May 3d, 1855. The defendants admit the execution of the note and mortgage, but set up in their answer that they have been garnisheed in two several suits of Schloss *et al. v.* Page Bacon & Co.; and Goldstein *et al. v.* Page, Bacon & Co.

Schloss and others, and Goldstein and others, intervene, and aver that their writs of attachment were served on the defendants on the same day and at an earlier hour than the assignment of the note and mort-

gage to plaintiffs by F. W. Page, and that they have obtained judgment in their several suits.

The cause was referred by consent to a referee to hear the same and report a judgment. The referee finds upon the evidence that the attachments of the intervenors were served on defendants between the hours of 10 and 11 A. M., and that the assignment by Page to plaintiffs was made at 2 P. M. of the same day. On the trial before the referee, the plaintiffs objected to the introduction of the sheriff's returns on the attachment as *res inter alios acta,* and for further cause that the returns had been amended by an order of the Superior Court, in which the actions of the intervenors were brought, after notice to all parties; which objections were overruled by the referee. The plaintiff then offered to read in evidence the affidavits of the sheriff on an application in the several suits of the intervenors, upon which the returns were amended by the Court, and to show the contradictions in the affidavits; and also to show by the defendant Provost and others, that the attachment was not served on him till 4 P. M. on May 3d. The referee excluded the affidavits and evidence, on the ground that it tended to impeach the return of the sheriff; to which ruling plaintiffs excepted. The referee reported a decree of foreclosure and sale, and that the attaching creditors of Page, Bacon & Co., intervenors in this suit, be paid out of the proceeds of sale, and have execution against defendants for any deficiency of the amount due on the mortgage, and that the plaintiffs take nothing by their bill and pay the costs. Plaintiffs moved for a new trial. Overruled, and decree entered according to report. Plaintiffs appealed.

*Hoge and Labatt* for Appellants.

The referee erred in refusing to allow plaintiffs to show that the sheriff's return had been amended. No amendment cutting off the rights of a party, as they were under the original return, can be properly allowed, and if made, cannot affect the rights of the party. Emerson *v.* Upton, 9 Pick., 167; Fairfield *v.* Paine, 23 Maine, 505; Bannister *v.* Higginson, 15 Maine, 77; Williams *v.* Brackett, 8 Mass., 240; Mead *v.* Osgood, 7 Greenl., 146; Hovey *v.* Waite, 17 Pick., 197; Bowman *v.* Stark, 6 N. H., 460; Haven *v.* Snow, 14 Pick., 31; Miller *v.* Shackelford, 4 Dana, 264; Berry *v.* Spear, 1 Shep., 187; Wilkie *v.* Hall, 15 Conn., 32.

*E. Cook* for Intervenors, Respondents.

The return of the sheriff cannot be impeached in this action, and the only recourse of the injured party is against the sheriff and his sureties. United States *v.* ——, 1 McLean C. C. R., 246; Goodall *v.* Stewart, 2 Hen. & Mum. (Virg.) R., 105; Trigg *v.* Lewis' Executors, 3 Little (Ken.) R., 129; Deller *v.* Roberts, 13 Serg. & Rawle, 64; Blythe *v.* Richards, 10 Serg. & Rawle, 261, 266; Stoons *v.* Kelsey, 2 Paige, 418; Stinson *v.* Snow, 1 Fairfield, (10 Maine) R., 263; Buckminster *v.* Appleby, 8 N. H., 546; Hodges *v.* Laird, 10 Ala. R., 678; Comp. L., p. 97, 98, §§ 6 to 9.

The cases cited in regard to amended returns, are attachments on real estate, and it also appears affirmatively from the cases that the Sheriff had nothing to amend by, except from memory. In this case the amendment was allowed by order of Court after notice to the parties to this suit.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Justice TERRY concurred.

It is unnecessary in this case to consider whether a sheriff's return in one action can be impeached in another suit by a stranger to the first action. It is very certain that the sheriff had no right after making a return to amend it so as to affect rights which had already vested.

The case must go back, and the first return of the sheriff must be taken as conclusive as against Schloss and Goldstein, as far as regards the rights of the plaintiffs.

Judgment reversed, and cause remanded.