ELIAS C. STEWART *et al.*, Appellants, *v.* WILLIAM STRINGER *et al.*, Respondents.

1. *Sheriff's return—Amendment, when granted.*—An amendment of a sheriff's return, made after judgment, can not be permitted when it has the effect of rendering the judgment erroneous; but an amendment in aid of the judgment, in furtherance of justice, is allowable.
2. *Sheriff's return — Amendment and vacation of, when permissible.*—Where an amendment to a sheriff's return, touching service of summons on defendant, was allowed and vacated at the same term of court, and long after judgment and sale thereunder, and the making and vacation of the amendment left the *status* of the parties unchanged, the court had power to order the vacation.

*Appeal from Sixth District Court.*

*Orrick & Emmons,* and *Lewis & Bruere,* for appellants, cited White River Bank v. Downer, 29 Verm. 332; Newhall v. Provost, 6 Cal. 85; Reynolds v. Davis, 5 Sandf. 267; Green v. Clark, 13 Barb. 57; Jackson v. Ashton, 10 Pet. 480; Chambers' Adm'r v. Smith's Adm'r, 30 Mo. 156; Kitchen v. Reinsky, 42 Mo. 427.

*Alexander* and *Lackland,* for respondents, cited Corby's Assignor v. Burns *et al.,* 36 Mo. 194; Blanton v. Jamison, 3 Mo. 52; Dobbins v. Thompson, 4 Mo. 118; Waddingham v. City of St. Louis, 14 Mo. 190–4; Hickman v. Barnes, 1 Mo. 158; Stewart *et al.* v. Stringer *et al.,* 41 Mo. 400; 9 Mo. 437; 30 Mo. 156; 4 Mo. 18; *id.* 626; 9 Mo. 437; 41 Mo. 400.

CURRIER, Judge, delivered the opinion of the court.

On the 15th of March, 1862, as the record shows, judgment by default was rendered against the defendants in the St. Charles Circuit Court. Subsequently an execution was issued and property sold in part satisfaction of the judgment.

November 14, 1865, Ruenzi, one of the defendants, moved to have the judgment set aside, assigning, as grounds for the motion, that he had a meritorious defense, and that he had never been notified of the pendency of the suit. The motion was overruled. On appeal to the Supreme Court, the judgment overruling the motion was reversed, the court holding that the sheriff's return on the original writ showed no legal service upon Ruenzi. (41 Mo. 400.)

The return was ambiguous, and while the case was pending in the appellate court, by leave of the Circuit Court, the sheriff amended the return so as to make it show clearly that Ruenzi was not served. This amendment, however, formed no part of the case as made in the appellate court. The judgment there was therefore based wholly upon the return as it was made originally.

After the case was remanded, the sheriff, by leave of court,

and on the 14th of December, 1867, further amended the return, making it, as thus amended, read as follows : "I served this writ on Joseph W. Ruenzi by leaving a true copy of said writ at the usual place of abode of said Joseph W. Ruenzi, in the county of St. Charles, with a white member of the family over the age of fifteen years." It is apparent that the return, as thus amended, was in full and direct contradiction of the return as first amended.

On the 20th of January, 1868, and at the same term, Ruenzi moved the court to vacate and set aside the last amended return, assigning various reasons for the motion, and, among others, this : that the return, as thus amended, was false and fraudulent. Branham, the sheriff, moved the court to the same effect, and substantially for the same reasons, sustaining the motion by an affidavit, which asserted, among other things, that he signed the return without reading it, and under an entire misapprehension of its tenor. He also moved for leave to amend the return, bringing it back to the state it was in after the first and before the second amendment, which he testified would conform it to the truth of the case.

The various motions pending in the cause were heard together, and a number of affidavits read bearing upon the questions of fact involved. The motion for further leave to amend was overruled ; the motion to vacate the return, as amended December 14, 1867, and the motion to set aside the original judgment as against Ruenzi, were sustained, and judgment rendered accordingly. The plaintiffs bring the case here by appeal.

Assuming the amendment of the sheriff's return of December 14, 1867 (the second amendment), to have been induced by, or to have resulted from, fraud or mistake, could the sheriff, acting under the order and permission of the court, or the court acting upon the motion of the sheriff, by an amendment of the amendment, or by an order vacating the amended return, avert the consequences of such fraud or mistake? That is the material question involved in this record.

It is to be conceded at once that an amendment of a return, made after judgment, can not be permitted when it has the effect

of rendering the judgment erroneous; that such amendments are designed to cure and not create error; and that they must, therefore, be in affirmance and not in derogation of the judgment. (R. C. 1855, p. 1254, § 6; White River Bank v. Downer, 29 Verm. 332; Newhall v. Provost, 6 Cal. 85.) Therefore, had the original return been good, showing due service on Ruenzi, the subsequent amendment, made at his instance, showing no service, would have had no effect in invalidating the judgment already rendered, or in vitiating sales thereunder already made. It had no effect one way or the other, as it was. It was simply nugatory. It did not tend to strengthen, and it could not be allowed to impair or weaken, the judgment.

An amendment, however, in aid of the judgment and in furtherance of justice, was allowable; and the amendment of December 14, 1867, had it been allowed to stand, would have had the effect claimed for it, assuming that it showed legal service on Ruenzi. But it was not allowed to stand; not if the combined powers of the court and sheriff could overturn it.

They had no power to withdraw any of the supports of the judgment which existed at the time of its rendition, or, perhaps, at the time of any sales which might have taken place in virtue of it. But the attempted amendment was long subsequent to the judgment and sales. The order allowing and the order vacating the amendment, taken together, neither helped nor harmed either party. The parties were left strictly *in statu quo*. Both orders were made at the same term. During that term they were, in my opinion, like other orders and judgments of the court, subject to its control. If, in the progress of the term, after the amendment had been made, the court became satisfied that the amendment was the result of fraud, misapprehension, or mistake, and was not in furtherance of justice, and that the ends of justice would not be advanced thereby, it would be strange, indeed, if it had no power, with the co-operation and at the instance of the sheriff who obtained the permission to amend, to correct the mistake; leaving the parties in the full enjoyment of all the rights they possessed prior to any action on the subject being taken. No authority is cited which denies the power in question.

The vacation of the amendment, at the instance of the sheriff, left the matter in precisely the same condition it would have been in had the court held the application for leave to amend under advisement, and then finally denied it.    The result is that, in my opinion, the action of the court in undoing what it had done, and in permitting the sheriff to retrace the steps he had mistakenly taken, was lawful and warranted under the circumstances stated.

The judgment, therefore, must be affirmed; the other judges concurring.