FRANCIS A. McCLURE, Plaintiff in Error, *v.* VIRGINIA E. WELLS, ADMINISTRATRIX, ETC., AND R. H. WALKER, Defendants in Error.

46  311
58a  95

46  311
63a 544

46     311
174    298

1. *Sheriff — Return made in name of deputy insufficient — May be amended after judgment, when.* — A return of process signed "John Butler, deputy sheriff," is insufficient to give the Circuit Court jurisdiction of the person of defendant. But it may be amended in aid of judgment, on reversal of the cause, so as to make the return in the name of the principal sheriff; and it makes no difference that at the time of amending his return the sheriff was out of office.

### Error to Third District Court.

*Phelps*, for plaintiff in error.

The Circuit Court, after an appeal from the decision overruling the motion to set aside the judgment, acted properly in permitting the sheriff to amend his return. The cause decided at September term, 1866, was not before the court.

*T. A. Sherwood*, for defendants in error.

I. The service upon Walker, being by the deputy sheriff in his own name, was absolutely void, and the Circuit Court acquired no jurisdiction over him, and should have set aside the judgment on his motion. (Harriman *et al.* v. The State, 1 Mo. 504; 8 Bac. Abr. 671, tit. Sheriff.)

II. The return of the sheriff on the summons was matter of record, and no motion for new trial or exception was necessary in order to the examination of the sufficiency of that return, or of the error committed in refusing to set aside the judgment based thereon. (Cabeen v. Douglas, 1 Mo. 336; Walsh v. Agnew, 12 Mo. 520; West v. Miles, 9 Mo. 167; Bateson v. Clark, 37 Mo. 31; Nordmanser v. Hitchcock, 40 Mo. 178; *id.* 602; Hann. & St. Jo. R.R. Co., 42 Mo. 467; Peyton v. Rose, 41 Mo. 257; Jones v. Fuller, 38 Mo. 363; State v. Matson, *id.* 489.)

III. It was not competent for the sheriff to make an amendment to the return of his deputy: first, because the record shows that he had never performed the service (McKnight v. Connell, 14 La. 396); second, because the case, as now presented, was then pending in the District Court. (Ladd v. Cousins, 35 Mo. 513; Stewart v. Stringer, 41 Mo. 400.)

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding by motion to set aside a judgment by default. The judgment sought to be set aside was rendered by the Cedar County Circuit Court at its September term, 1866. At the succeeding March term, Walker, one of the defendants, moved the court to set the judgment aside, basing the motion upon the assumed ground that the court rendering it had no jurisdiction of his person. The motion was overruled, and Walker excepted. A bill of exceptions was subsequently filed, and an appeal taken to the Third District Court.

What the District Court did with the motion and the judgment of the Circuit Court upon it, does not distinctly appear. The whole record is distressingly involved, confused, and repetitious. While it contains a mass of irrelevant matter, it fails to show

whether the District Court either affirmed or reversed the judgment which was appealed from. In fact, that judgment seems to have escaped the notice of the court. No allusion is made to it in the opinion filed in the cause. The opinion seems to treat the case as though the appeal had been taken from the original judgment. That judgment is referred to, and the antecedent proceedings declared insufficient to sustain it; and that seems to be the judgment which the court undertook to reverse. As already remarked, no reference is made to Walker's motion to set aside, or to the subsequent proceedings of the Circuit Court upon that motion.

The District Court held that the original judgment was unwarranted, upon the ground that the return of service of process upon Walker was not properly authenticated. The defect of the return, as the District Court declares, consists in this: that it was signed by "John Butler, deputy sheriff," and not by or in the name of the principal sheriff. But where did the court get that fact? It does not appear in the bill of exceptions. The bill of exceptions purports to contain a copy of the original judgment and a mass of other matter, but wholly omits the original summons, as also the return upon it. If the merit of the motion is to be determined from the facts exhibited in the bill of exceptions, then there is nothing to show that the court committed any error in overruling it. In order to find error it is necessary to go outside of the bill of exceptions for its discovery. Unless the appeal from the adverse judgment of the court upon Walker's motion had the effect of a writ of error to bring up the entire record, regardless of what the bill of exceptions contained, the summons and return were not in the case, and there was nothing for the District Court to base its judgment upon. We are not prepared to say that the appeal had the effect sought to be attributed to it. However that may be, it was clearly the duty of the District Court to have acted directly upon the judgment appealed from, and to have either affirmed or reversed it. That was not done. The evidence of the record is that the court left that judgment untouched, and that it proceeded at once to reverse the prior judgment, which was never appealed from.

In order to clear the case of its obscurities and leave it in a position to be acted upon intelligibly in the Circuit Court, the judgment of the District Court will be reversed, as also that of the Circuit Court overruling Walker's motion, and the cause remanded to the latter court, to be proceeded with in the same manner as though the pending motion had never been acted upon. Leave should be granted to amend the return in accordance with the facts. Such amendments are always freely allowed in aid of a judgment, although denied where their effect is to create error. It makes no difference that the sheriff is out of office. (Stewart v. Stringer, 45 Mo. 113; Scruggs v. Scruggs, *ante*, p. 272.) If the return is amended so as to obviate the objection urged against it, the motion to set aside the original judgment should be overruled; otherwise (if the objectionable fact exists) the motion must be sustained. Judge Wagner concurs; Judge Bliss absent.