A. FRED. GRASSLY *et al.*

*v.*

LYMAN L. ADAMS.

</div>

1. AMENDMENT OF RECORD IN CIRCUIT COURT—*effect of, on appeal pending in Supreme Court.* Where the record filed in the Supreme Court shows a defective service on the defendant in the circuit court, and the sheriff, by leave of the circuit court, whilst the case is pending in the Supreme Court, amends his return so as to show a sufficient service, and that fact is made to appear by a supplemental record, filed in the Supreme Court, the error assigned on account of such defective service is obviated.

2. RECORD—*a certificate of the clerk copied into the transcript is no part of the record.* A certificate of the clerk of a computation of damages

made by him, and reciting that the court had referred the cause to him to assess the damages, although copied into the transcript, is not an order of the court, nor does it prove one, nor is it a part of the record.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. EPLER & CALLON, for the plaintiffs in error.

Messrs. DUMMER & BROWN, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The errors assigned on this record are, that the return of service upon the summons, as to the defendant Grassly, is defective, in not showing service upon him ; that the allegation in the declaration of the assignment of the note sued on to the plaintiffs by the payee, was insufficient, in not stating the indorsement to have been under *the hand of the payee ;* and that, under the statute of 1872, there was error in referring the cause to the clerk to assess the damages.

Whilst the cause has been pending in this court, an application has been duly made to the court below for leave to the sheriff to amend his return. which has been allowed. and the return amended so as to show a sufficient service, which has been made to appear by a supplemental transcript of the record. This obviates the error first assigned. *Hawes* v. *Hawes*, 33 Ill. 286 ; *O'Conner* v. *Wilson*, 57 id. 226.

Without considering the question of the sufficiency of the special count in the respect indicated, it is enough to say, that the declaration contained the common counts, under which an assigned note might have been given in evidence, and upon which the judgment might have been rendered. There is no bill of exceptions preserving the evidence in the case.

The record does not show that the court referred the cause to the clerk to assess the damages. All that appears in that respect is, that there is copied into the transcript a certificate

signed by the clerk, showing a computation of the damages made by him, and reciting that the court had referred the cause to him to assess the damages. But this does not constitute an order of the court, or prove one. This certificate is no part of the record. The judgment order itself states that the " damages are by the court assessed upon evidence adduced." We find no error in the record, and the judgment is affirmed.

*Judgment affirmed.*