# THE CHICAGO PLANING MILL COMPANY

*v.*

# THE MERCHANTS' NATIONAL BANK.

*Filed at Ottawa February 3, 1881.*

1. AMENDMENT—*of sheriff's return after judgment, must be in affirmance of judgment.* After the rendition of judgment the court is only allowed to authorize the sheriff to amend his return of service on the defendant in affirmance of the judgment. He can not be allowed, after judgment, to so amend his return as to cause a reversal.

2. SAME—*of sheriff's return after the term must be on notice.* The court should only allow the amendment of a sheriff's return of service as a matter of course and without notice, during the term at which the cause is determined. After such term it can be allowed only on notice to all parties interested.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

On June 10, 1876, defendant in error sued out a summons against the plaintiff in error, which is a corporation having its place of business in Cook county, Illinois. The summons was returned by the sheriff with this return:

"The president of the within named company not being found in my county, served this writ by reading and delivering a copy thereof to William H. Jenkins, secretary of said company, this 13th day of June, 1876.

FRANCIS AGNEW, *Sheriff.*
By Walter McDonald, *Deputy.*"

On July 6, 1876, the court found that "due personal service of process of summons issued in said cause has been had on defendant, etc., that defendant made default," etc., and gave judgment by default for $4052.66.

On August 15, 1877, the plaintiff below having been notified and being in court, the defendant being present by its attorney, the sheriff asked leave to amend his return upon

the summons in accordance with the facts. To show the reason of doing so, and why leave should be granted, he filed the affidavit of Walter McDonald, the deputy sheriff who made the service and return, and who made affidavit that he served the summons in accordance with the directions written in pencil upon the said summons; that at the time he served said summons and made said return he did not personally know that Jenkins was secretary of said company, defendant. He did not know who was the president of said planing mill company, that he made no inquiry as to who the president was, and that he made no attempt to find said president. The return upon said summons, in so far as it implies that the president of said planing mill company could not have been found in Cook county, is incorrect, and was made by inadvertence. He made the service upon the person he was directed to serve, and made no attempt to serve any one else. He also filed the affidavit of A. C. Hesing, that he was at the time president of the company, defendant, and that he was continuously in the city of Chicago, at his office or residence, during the lifetime of the summons; also, that Wm. H. Jenkins was not the secretary of the company at the time of the service, but that Washington Hesing was such secretary. Also the affidavits of Washington Hesing and Wm. H. Jenkins, to the fact that Jenkins had resigned his position as secretary of the company more than a month before the summons was issued, and that at the time of the service Washington Hesing was secretary, and not Jenkins.

The plaintiff below resisted the application of the sheriff to amend, and filed the affidavit of Alfred B. Mason, its attorney.

The court granted leave to amend the return, and the sheriff afterwards amended the return so as to read as follows:

"By leave of court the above return is stricken out and amended in accordance with the facts, so as to read as follows: Served this writ by reading and delivering a copy thereof to

William H. Jenkins, by direction, as secretary, this 13th day of June, A. D. 1876.

FRANCIS AGNEW, *Sheriff*.

By Walter McDonald, *Deputy*."

Upon this record the plaintiff in error comes into this court, and assigns for error that the court erred—

1. In finding that the defendant had due personal service of the summons.

2. In ordering that the default of defendant be taken and entered.

3. In rendering judgment in favor of the plaintiff against the defendant as in default, and asks that the judgment be vacated.

Mr. JAMES E. MONROE, for the plaintiff in error:

At common law the court may amend in all cases while the proceedings are in paper,—that is, until judgment be signed, and during the term at which it is signed, for until then the proceedings are *in fieri*, and consequently subject to the control of the court. After the term at which judgment was rendered has expired, no amendment can be allowed at common law, but by virtue of the statutes of amendment only. 2 Archbold's Prac. p. 263; 1 Burrill's Prac. p. 476; *Blackamore's Case*, Coke's Rep. pt. 8, 156.

After the term, the record is amendable no further than is allowed by the statutes of amendment.    2 Tidds' Prac. 942.

As to the power of courts to allow amendments after the term when judgment is rendered, counsel cited *Wooden & Hazel's Case*, 1 Leonard, 134; *Kendall* v. *Corland*, 5 Cush. 79; *Stewart* v. *Stringer*, 45 Mo. 113; *McClure* v. *Wells*, 46 id. 311; *White River Bank* v. *Downer*, 29 Vt. 233; *Balcolm* v. *Woodruff*, 7 Barb. 14; *Gasper* v. *Adams*, 24 id. 256; *Holmes* v. *Sealy*, 17 Wend. 75; *McGhee* v. *McGhee*, 8 Ala. 86; *Armstrong* v. *Robertson*, 2 id. 168; *Moyer* v. *Cook*, 12 Wis. 335; *Newhall* v. *Provost*, 6 Cal. 85; *Cairo Railroad Co.* v. *Holbrook*, 72 Ill. 419; *King* v. *State Bank*, 9 Ark. 185; *Aus-*

*patch* v. *Carr*, 1 Troubet & Haley's Pr. 270; *Reiff* v. *Ins. Co.* 1 Brightly's Pr. Dig. 43.

The amendment made in the court below is authorized by our statute of amendments and jeofails. Rev. Stat. 1874, p. 137, secs. 1, 2, 4; *Mineral Point Railroad Co.* v *Keep*, 22 Ill. 16; *Carr* v. *Com. Bank*, 16 Wis. 50; *Dunn* v. *Rogers*, 43 Ill. 262.

Messrs. Mattocks & Mason, for the defendant in error:

The first return was good. The only company mentioned in the summons is the defendant below, and the return was of service on the "within named" company. This phrase is held sufficient in *Martin* v. *Hargardine*, 46 Ill. 322, and *C. & P. R. R. Co.* v. *Kœhler*, 79 id. 354. And the judgment recited "due service" of process, which is sufficient. *Banks* v. *Banks*, 31 Ill. 162; *Russell* v. *Brown*, 41 id. 183; *Timerman* v. *Phelps*, 27 id. 496; *Rivard* v. *Gardner*, 39 id. 125.

The amended return of the sheriff is a nullity. So far as it is one of service on Jenkins "*as* secretary," the amendment was beyond the power of the court below to allow, for this court has decided that a party to a suit can not contradict the sheriff's return in that suit, save, 1st, under very exceptional circumstances, and, 2d, at the term during which judgment is rendered. *Wilday* v. *McConnell*, 63 Ill. 268; *Brown* v. *Brown*, 59 id. 315; *Rivard* v. *Gardner*, 39 id. 125.

That a sheriff can not falsify his return or that of his deputy, counsel cited, *Norris* v. *Grummey*, 2 Rand. 323; *Planter's Bank* v. *Walker*, 3 Sm. & M. 409; *Van Campen* v. *Snyder*, 3 How. 66; *Sheldon* v. *Payne*, 3 Seld. 453; *Townsend* v. *Olive*, 5 Wend. 208; *Clark* v. *Withers*, 6 Mod. Rep. 290, or 2 Ld. Ray. 1072; Heath's Maxims, 177; *Paxton* v. *Stoeckel*, 2 Barr, 93; *Purington* v. *Loring*, 7 Mass. 388; *Williams* v. *Brackett*, 8 id. 240; *Gardner* v. *Hosmer*, 6 id. 325; *Haines* v. *Small*, 22 Mo. 16; *Grant* v. *Shaw*, 1 Root, 526; *Benjamin* v. *Hathaway*, 3 Conn. 528; *Scott* v. *Seiler*, 5 Watts, 235; *Denton* v. *Livings-*

*ton,* 9 Johns. 96; *Barney* v. *Weeks,* 4 Vt. 146; *Armstrong* v. *Garrow,* 6 Cow. 465, and *Meredith* v. *Shewell,* 1 Pa. 496.

An amendment must be in furtherance of justice. *Palmer* v. *Thayer.* 28 Conn. 237; *Kirkwood* v. *Reedy,* 10 Kan. 453; *Wendell* v. *Mugridge,* 10 N. H. 109; *Tiernan's Exrs.* v. *Woodruff,* 3 McLean, 135; *Smith* v. *Vanderburg,* 46 Ill. 34; *Clayton* v. *State,* 24 Ark. 16; *Cornelia* v. *Ellis,* 11 Ill. 581.

An amendment can be made only "by a memorandum made by the officer at the time the service was had, and which clearly and unmistakably states the facts omitted in the return." *O'Conner* v. *Wilson,* 57 Ill. 226; *Coughran* v. *Gutcheus,* 18 id. 390; *Powell* v. *Commonwealth,* 11 Gratt. 822; *Wynne* v. *Thomas,* Willes Rep. 563; *Queen* v. *Virrier,* 40 E. C. L. Rep. 48; *King* v. *King,* 7 Mod. 250; *Green* v. *Rennett,* 1 T. R. 782; *Fitzgerald* v. *Garvin,* Hardin, 63; *Seely* v. *Pelton,* 63 Ill. 101; *Frink* v. *Frink,* 43 N. H. 508; *Randolph* v. *Barrett,* 16 Peters, 138; *Scales* v. *Swan,* 9 Por. (Ala.) 163; *Limerick Petitioners,* 6 Shepley, (Me.) 183; *Sydnor* v. *Burke,* 4 Randolph, 161; *Vaughan* v. *Freeland,* 2 Munf. 477, note; *Scruggs* v. *Scruggs,* 46 Mo. 271; *Pratt* v. *Wheeler,* 6 Gray, 520; *Haven* v. *Snow,* 14 Pick. 28; *Johnson* v. *Day,* 17 id. 196; *Hovey* v. *Wait,* id. 196; *Adams* v. *Robinson,* 1 id. 461.

That amendment, after judgment, may be allowed to cure an error, but not to create it, counsel cited, Rev. Stat. 1874, p. 778, sec. 24, and secs. 1, 2, 4 and 6 of the Statute of Amendments; *McClure* v. *Wells,* 46 Mo. 311; *Stewart* v. *Stringer;* 45 id. 113; *Newhall* v. *Provost,* 6 Cal. 85; *White River Bank* v. *Downer,* 29 Vt. 332; *Hopkins* v. *Burch,* 3 Ga. 222; *Watkins* v. *Gale,* 4 Ala. 153; *McGehee* v. *McGehee,* 8 id. 86; *Wendell* v. *Mugridge,* 29 N. H. 109; *Stewart* v. *Springer,* 45 Mo. 115; *Davis* v. *Putnam,* 5 Gray, 321; *O'Connell* v. *Cotter,* 44 Ia. 48; *Moyer* v. *Cook,* 12 Wis. 335; *Powell* v. *Commonwealth,* 11 Gratt. 822, and *Gasper* v. *Adams,* 24 Barb. 287.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This case was considered by us at our September term, 1877, and an opinion was filed, and judgment rendered thereon, subsequently, in vacation. *Planing Mill Co.* v. *National Bank*, 86 Ill. 587. By inadvertence, the judgment was made to affirm the *judgment* of the Superior Court, when it was, in reality, intended to affirm only an *order* of that court allowing an amendment of the sheriff's return to the summons, and to *reverse* the judgment of the Superior Court.

Upon having our attention called to this mistake, we, of our own motion, ordered a rehearing of the cause; and we have heard additional arguments on the question, of whether it was proper to allow the amendment to be made to the sheriff's return to the summons.

The question has been thoroughly discussed on both sides, and we have given such careful and deliberate consideration to it as we have deemed necessary to a correct conclusion.

That the return, as originally made, was sufficient, and that as amended, it is insufficient to sustain the judgment, is fully shown by the former opinion.

In the earlier cases in this court, it was held the circuit court may authorize a sheriff to amend his return, either before or after the rendition of a decree or judgment, and this, too, without notice to the opposite party of an intention to apply for leave to amend. *Montgomery* v. *Brown*, 2 Gilm. 581; *Moore* v. *Purple*, 3 id. 152; *Morris* v. *Trustees, etc.*, 15 Ill. 266; *Johnson* v. *Donnell*, id. 97; *Turney* v. *Organ*, 16 id. 43; *Coughran* v. *Gutcheus*, 18 id. 390; *Dunn* v. *Rodgers et al.* 43 id. 262; *Hawes* v. *Hawes*, 33 id. 286; *Toledo, Peoria and Warsaw Railroad Co.* v. *Butler*, 53 id. 323.

In *O'Conner* v. *Wilson*, 57 Ill. 226, this doctrine was, however, in part, overruled, and it was there said: "The true rule of practice, upon much and mature reflection, we think, should only permit such amendments as a matter of course;

and without notice, during the term at which the cause is determined."

Since then, it is held amendments may be made, by the sheriff, to his return, after the expiration of the term at which the cause is determined, only upon notice to all parties interested. *National Ins. Co.* v. *Chamber of Commerce,* 69 Ill. 22; *Mass. Mut. Life Ins. Co.* v. *Kellogg,* 82 id. 614; *Barlow* v. *Standford,* id. 298.

In each of the foregoing cases, and, so far as we have been able to discover, in all the cases hitherto decided by this court, in which the sheriff has been permitted to amend his return after judgment, the amendment has been in *affirmance* of judgment; and the question we are now to consider is, was the Superior Court authorized to allow an amendment, which, instead of being in affirmance of judgment, creates such error as necessitates its reversal, by this court?

Under the English statutes, and decisions thereon, no amendment was admissible save in affirmance of judgment. *Blackamoer's Case,* 4 Coke's R., part 8, p. 452, side p. 156 a; 1 Tidd's Practice (4th Am. ed.) 696; *Wooden & Hazel's Case,* 1 Leonard, 134; *Thompson* v. *Crocker,* 1 Salkeld, 49; *Walker* v. *Slackoe,* 5 Modern, 69. And this seems to be the ruling in every State of the Union where the question has been directly the subject of adjudication. *Stewart* v. *Springer,* 45 Mo. 113; *Kitchen* v. *Reinsky,* 42 id. 427; *McClure* v. *Wells,* 46 id. 311; *Grower* v. *Smith.* 49 id. 318; *White River Bank* v. *Downer,* 29 Vt. 332; *Davis* v. *Putnam,* 5 Gray, 321; *Hopkins* v. *Busch,* 3 Ga. 222; *Moyer* v. *Cook,* 12 Wis. 335; *Newhall* v. *Provost,* 6 Cal. 85; *Powell* v. *Commonwealth,* 11 Gratt. 822; *Dorsey* v. *Pierce,* 5 Howard, (Miss.) 173; *Hughes* v. *Lapice,* 5 Smedes & Marshall, 451; *Englis* v. *Furness,* 3 Ab. Pr. Rep. 82; *Gasper* v. *Adams,* 24 Barb. 287.

But counsel contend that the decisions in England, and in the other States, bearing upon the question, depend so much upon matters of local practice, and special statute, that they are not of controlling authority here; and they say that the

fourth section of our statute of "Amendments and Jeofails" expressly authorizes the amendment of sheriffs' returns, according to the truth, whether that be in affirmance of judgment, or to produce error therein.

We can not concur in this view. A statute allowing such amendments would, in our opinion, be a most dangerous one to the stability of judgments, and we shall not assume that the legislature intended so to enact, in the absence of phraseology admitting of no other reasonable construction.

The first section of our statute of "Amendments and Jeofails" empowers the court in which an action is pending, to "permit amendments in any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered therein." The word "return" does not occur in this section.

The second section includes "returns," and authorizes their amendment after judgment, but then only in *affirmance* of judgment. It is as follows:

"After judgment rendered in any cause, any defects or imperfections in matters of form, contained in the record, pleadings, process, entries, *returns* or other proceedings in such cause, may be rectified and amended by the court *in affirmance* of the judgment, so that such judgment shall not be reversed or annulled." * * *

The fourth section is:

"All returns by any sheriff or other officer, or by any court or subordinate tribunal, to any court, may be amended in matters of form, or according to the truth of the matter, by the court to which such returns shall be made, in its discretion, as well *before* as *after* judgment."

It is to be kept in mind that no authority is given, in either of the preceding sections, in express terms, to amend *returns before* judgment. It was thought necessary, in the second section, although the word *process* had been previously used, to expressly name "returns" as being amendable—and

it is but fair to assume that the same idea obtained in the enactment of the first and fourth sections—that is, that to embrace *returns* they must be specifically named—and, not having been named in the first section, nor their amendment provided for *before* judgment in the second section, it was necessary to confer this power of amendment in the fourth section.

The concluding words of the fourth section are strongly confirmatory of this view. They are, " as well *before* as *after*,"—from which the only reasonable implication is; provision for amendment " *after*," already exists, but it is necessary now to confer power to amend *before*. The words are not equivalent in meaning to " *either before or after*,"—but clearly imply the " conferring of a like power to do *before* that which there is already power to do *after*.

This view leaves the second section, only, applicable to amendments to returns after judgment; and, as has been seen, they can, by virtue of it, only be made in *affirmance* of judgment.

The order of the court allowing the amendment to the sheriff's return was erroneous, and it is reversed; but the judgment below must be affirmed.

*Judgment affirmed.*

CRAIG, J.: I do not concur. In my opinion, the fourth section of the statute cited in the opinion authorized the amendment of the sheriff's return.