## JAMES H. GAFF

### v.

## JOHN SPELLMEYER ET AL.

1. AMENDMENT OF SHERIFF'S RETURN.—A bill was filed to foreclose a mortgage and process of summons was issued thereon, and the return of the sheriff was defective in substance as to the infant defendants, in that it omitted to state the name of the white person with whom copies were left for them, and that he was "of the family." Sixteen years after, the sheriff's attention having been called to the defects of his return, he gave notice to the infant defendants of his intended motion for leave to amend his return by inserting, etc. The court below denied the motion solely upon the ground that it had no power to allow the proposed amendment after so long a time since the return was made. *Held*, that the proposed amendment should be allowed, as it is in affirmance of the decree, and in aid of rights acquired and actual possession thereunder, is consistent with the return made, so far as it goes, and supplies its defects only by addition of statements the truth of which is not denied, and no rights of third parties have intervened.

2. WHEN REFUSAL TO AMEND IS ERROR IN LAW.—Where leave to amend is refused, not on the ground of discretion but because the court holds it has no power to grant it, such refusal is error in law, if the court has such power.

3. WHEN PERSON ASKING LEAVE TO AMEND MAY APPEAL.—The sheriff is a proper person to ask the necessary leave, and his right to have it, the whole question involved, being finally determined by the decision of the court denying it, he may have an appeal.

4. LAPSE OF TIME.—Lapse of time is not *per se* a bar to the allowance of amendments of this character, but is to be considered with other circumstances bearing upon the question of laches or the weight of evidence in properly guiding the court in the exercise of its discretion.

APPEAL from the Circuit Court of Livingston county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed July 27, 1883.

Messrs. Bailey & Sedgwick and Mr. C. C. Strawn, for appellant; as to the right to amend where there was service in fact, but the proof of service was irregular, cited Rickards v. Ladd, 4 Pacific C. L. J. 52; Kirkwood v. Reedy, 10 Kan. 453; Foreman v. Carter, 9 Kan. 674; Mason v. Messenger, 17 Ia. 261; Jeffreys v. Callis, 4 Dana, 465; Dunn v. Rodgers, 43 Ill. 262.

Mere lapse of time is no bar to an amendment upon satisfactory evidence where the rights of third persons will not be injuriously affected: Mahurin v. Brackett, 5 N. H. 9; Whittier v. Varney, 10 N. H. 291; Avery v. Bowman, 39 N. H. 393; Planter's Bank v. Walker, 3 S. & M. 409; Atkinson v. Rhea, 7 Humph. 59; Fowble v. Taylor, 4 Ohio, 45; Church v. English, 81 Ill. 442; Morris v. Trustees, 15 Ill. 266; Dunham v. S. Park Com'r's, 87 Ill. 188.

Amendments have been allowed after the making and filing of the original returns: Freeman on Executions, § 359; Woodward v. Harbin, 4 Ala. 534; Jarboe v. Hall, 37 Md. 345; Williams v. Houston, 71 N. C. 163; Muldrow v. Bates, 5 Mo. 214; Blaisdell v. Steamer, 19 Mo. 157; Irvin v. Scobee, 5 Lit. 70; Thatcher v. Miller, 11 Mass. 413; Rucker v. Harrison, 6 Munf. 181; Scott v. Trustees, 5 U. C. Pr. 228; Gilmon v. Stetson, 16 Me. 271; Scruggs v. Scruggs, 46 Mo. 271.

A return may be amended after the officer who made it has gone out of office: Adams v. Robinson, 1 Pick. 461; Johnson v. Donnell, 15 Ill. 97; Morris v. Trustees, 15 Ill. 266; Newton v. Prather, 1 Duo. 100; Hutchings v. Brown, 4 Har. & McH. 498; Miles v. Davis, 19 Mo. 408; Keen v. Briggs, 46 Me. 467; Palmer v. Thayer, 28 Conn. 237; Bean v. Thompson, 19 N. H. 290; Cushing v. Laird, 4 Ben. 70.

It is not necessary that the person who appeals should be actually a party to the record, provided he has an interest in the question which may be affected by the decree or order appealed from: Derrick v. Lamar Ins. Co. 74 Ill. 404; Burnham v. Lamar Ins. Co. 79 Ill. 162.

In making the amendment, the court may resort to any proof which is satisfactory: May v. The People, 92 Ill. 343.

Gaff v. Spellmeyer.

Messrs. WALLACE & TERRY, for appellees; as to the right to amend when the length of time has been unreasonable, cited Coughran v. Gutchens, 18 Ill. 390; O'Connor v. Wilson, 57 Ill. 226; Barnard v. Stevens, 2 Aikins (Vt.) 429.

The presumption is that the court acted upon the only summons and return found in the record unless the finding in the decree shows that there was other service: Clark v. Thompson, 47 Ill. 25; Botsford v. O'Connor, 57 Ill. 72.

The matter of the amendment can not be determined upon the evidence of witnesses: Coughran v. Gutchens, 18 Ill. 390; Botsford v. O'Connor, 57 Ill. 72; O'Connor v. Wilson, 57 Ill. 226.

The return was absolutely void: Boyland v. Boyland, 18 Ill. 551; Cost v. Rose, 17 Ill. 276; Ball v. Shattuck, 16 Ill. 299.

PLEASANTS, J. On February 4, 1864, Wm. F. Spellmeyer, and Sarah, his wife, executed to Wm. D. Vansant a mortgage upon one hundred and twenty acres of land in Livingston county, to secure the payment of his note of even date for one hundred dollars at two years.

Not long afterward said Wm. F. Spellmeyer died, leaving said Sarah, his widow, and three minor children—John. Laura and Caroline. The widow married James Warner, who thereafter for some years lived with her and said children on the mortgaged premises, and cultivated them for the support of the family. In December, 1866, after said marriage, Vansant filed his bill to foreclose the mortgage, and process of summons thereon was sued out against said James and Sarah and the children above named, of which appellant, then sheriff of said county, made return as follows: "I have executed this writ by reading the same to and leaving a true copy of the same with James Warner and Sarah Warner, and leaving a true copy of the same at the regular place of abode for each of the within named, John Spellmeyer, Laura Spellmeyer and Caroline Spellmeyer, with a white person over ten years of age, and explaining to him the contents of the same, this 22d day of December, 1866."

This was defective in substance as to the infant defendants, in that it omitted to state the name of the white person referred to and that he. was " of the family" of said defendants. Such service as was here described would not give the court jurisdiction of their persons.    Montgomery v. Brown, 2 Gilm. 581; Boyland v. Boyland, 18 Ill. 551; Fischer v. Fischer, 54 Ill. 233.

Nevertheless a guardian *ad litem* was appointed, who answered for them, and such proceedings were had that a decree of foreclosure and sale was entered Jan. 30, 1867, under which the premises were sold to F. Plumb, who assigned his certificate of purchase to defendant, to whom in due time the master executed his deed.    Oct. 9, 1878, she deeded to Lawrence and Bourland; after which in succession, Lawrence deeded to Cook, and Bourland and Cook, by warranty deed of Nov. 9, 1880; forty acres of said land to Francis Kennedy, and by like deed of May 18, 1881, the remaining eighty to A. C. Fosdick.

Appellant's attention having been called to the defects of his return, he gave notice to said John, Laura and Caroline Spellmeyer, respectively, of his intended motion for leave to amend it according to the fact, by inserting the name of James Warner as the person with whom the copies were left for them, and adding that he was of their family—which motion was filed Aug. 31, 1882.

Upon the hearing at the January term, 1883, appellant offered in evidence the records and files in the foreclosure case, the record of the several deeds above mentioned, and the affidavits of himself and James Warner—identifying said James as the person with whom the copies of said summons were left for said infant defendants and showing that at that time he was the head of their family.    The fact last stated was also proved by the affidavits of N. S. Grandy, William Harris and Orlin Converse, who were all neighbors and familiar acquaintances of the family and of every member thereof during the life of Wm. F. Spellmeyer, and for years after the marriage of his widow to said James Warner.    Appellant further offered to submit himself and produce each of the other affiants for such oral examination as the court should

direct. But respondents, by their attorneys, while not admitting the truth of the matters set forth in the affidavits, waived the oral examination of said affiants, and offered no evidence on their part.

The court thereupon denied said motion solely upon the ground that it had no power to allow the proposed amendment after so long a time since the return was made; from which decision this appeal was taken.

Appellee here moves to dismiss it because appellant was not a party nor in privity with any party to the foreclosure suit, nor had any interest in the subject-matter of it.

It is doubtless true that, as a rule, only parties to the record, or those so related to them or having some interest in the subject-matter to be affected by the judgment or decree, have the right of appeal from it. 2 Tidd's Pr. 1135 and note: 1 Barb. Ch. Pr. 282; Derrick v. Lamar Ins. Co., 74 Ill. 406–7; Burnham v. Same, 79 Id. 162.

This, however, is not an appeal from the decree or from any order or ruling of the court in the foreclosure case, but only from its decision of a motion by its officer for leave to correct alleged errors in the evidence he had furnished of his ministerial action therein. If there was any error or defect therein which may work injury and it can lawfully be corrected, it ought to be corrected. But since it can not be in any case except by leave of the court, that leave must be asked, and a motion is the proper proceeding for that purpose. The question is, who can make it? The error was the act of the officer. He only is presumed to know the facts according to which it is to be corrected. He may be interested to have it made. The parties prejudiced by the defect may prefer, for some reason, to look to the officer and his sureties for compensation; or if not, may be absent, ignorant or incapable of taking the necessary steps, and prompt action may be required in order to prevent the intervention of other rights. It is therefore his duty as an officer, in the interests of justice and without regard to his own as an individual, or to the wishes of the parties, to see that it is made. Montgomery v. Brown, 2 Gilm. 581. It would seem to follow that he is a proper

person to ask the necessary leave; and his right to have it—the whole question involved—being finally determined by the decision of the court denying it, he may have an appeal.  We do not say that the party prejudiced has not also the right, in default of action by the officer, to make the motion in his own behalf.

It is further suggested that the allowance of the amendment, if within the power of the court after so long a time, is matter of discretion and therefore can not be reviewed.

Where, however, the leave to amend is refused in such a case, not on the ground of discretion but because the court holds it has no power to grant it, such refusal is error in law. Avery v. Bowman, 39 N. H. 395; Rowell v. Small, 30 Me. 17 Shep. 40; Freeman v. Morris Busbee, N. C. 287.

Had the court then power, after nearly sixteen years elapsed since the return was made, to grant the leave asked?

After the judgment term such amendments are allowable only by virtue of the statute: 2 Tidds Pr. 2d Am. Ed. 660.  By the English statute, 8 Henry VI, Ch. 15, the courts were authorized to allow amendments by sheriffs in any process or return so long as the record and process remained before them. When ours was adopted we knew no such practice as the removal of the records and process from the custody of the court, for any purpose; and whether the power is given in such cases by Sec. 2, as held in Chicago Planing Mill Co. v. Merchant's Nat. Bank, 97 Ill. 294, or by Sec. 4 as extending it to substantial errors, it is in general terms, without limitation as to the time within which it may be exercised, or by the effect of the proposed amendment upon the jurisdiction of the court or the interests of parties in the case, or by the kind or amount of evidence to be offered of the facts according to which it is to be made; and by the latter section its exercise is expressly left to the discretion of the court.  It has been exercised after error brought, as in Moore v. Purple, 3 Gilm. 149; after the sheriff's term of office expired, as in Morris v. The Trustees of Schools, 15 Ill. 266; and after various lengths of time Montgomery v. Brown, *supra;* Johnson v. Donnell, 15 Ill. 97; 33 Id. 286; Dunn v.

Rodgers, 43 Id. 260; T. P. & W. R'y Co. v. Butler, 53 Id 323. The question of time as a bar seems not to have occurred to anybody prior to the case of O'Connor v. Wilson, 57 Id. 226, which changed the practice previously prevailing of allowing them as of course and without notice. After that it was held that clerical errors generally, which seem to be those contemplated by said Sec. 2, might be corrected at any time, provided only that notice be given, proper proof made and intervening rights saved. Church v. English, 81 Ill. 442; Dunham v. South Park Comm'rs, 87 Id. 188.

O'Connor v. Wilson, *supra*, on which the appellees mainly rely, was a case on bill in equity to set aside an amendment to the return allowed by the county court after the lapse of nearly twelve years (and which that court had refused to set aside), as having been obtained by fraud and being a cloud upon complainant's title; and the relief asked was granted because the amendment had been allowed without notice, the deputy who attempted to serve the writ had died leaving no memorandum of what he had done in that behalf except the return in question and the affidavit in support of the motion was made by the sheriff without personal knowledge of the facts and under the impulse of pecuniary interest. These grounds alone were sufficient to sustain the bill; but counsel also urged the lapse of time, and in reference to that the Supreme Court said: " While we do not undertake to fix the period within which such an application shall be made, we are prepared to hold that such an amendment can not be made after the lapse of time that intervened in this case," and cited Thatcher v. Miller, 13 Mass. 271. Considered by itself this language may seem to announce a general rule, but we think it was not well chosen and that all the force intended by the court is given to it if confined in its application to the case then under consideration. For clearly it is a concession that the court knew of no law theretofore or then existing by which a definite period was fixed as a limitation, and if that decision be held to have fixed one it was simply judicial legislation. Such an intention it would be disrespectful to impute. Nor does the Massachusetts case cited furnish any

Gaff v. Spellmeyer.

authority for a general limitation. In that case about six years had elapsed. When it first came before the Supreme Court it was continued, for the express purpose of affording opportunity for an application to the court to which the return was made to allow the amendment. Thus the power of that court to allow it after six years, if in its discretion it should see fit, was fully recognized. But upon the refusal of that court, on such application, to allow it, the Supreme Court simply denied a mandamus to compel it—evidently treating the time elapsed not as of itself a legal bar but only as a circumstance so affecting the officer's memory as in connection with his interest to justify the county court in refusing to allow the amendment upon his affidavit. It is a fair inference that if the county court had seen fit to allow it the Supreme Court would not have overruled the order. We regard the case rather as an authority for the proposition that lapse of time is not *per se* a bar to the allowance of amendments of this character, but is to be considered, with other circumstances bearing upon the question of laches or the weight of evidence, in properly guiding the court in the exercise of its discretion. And such we understand to be the construction put by our own Supreme Court upon the decision in O'Conner v. Wilson, 57 Ill. 226; Planing Mill Co. v. Nat. Bank, 86 Ill. 590; and that such is the general current of authority. The application must be made only within a reasonable time, and that is to be determined by the court under all the circumstances. Avery v. Bowman, *supra;* Gilman v. Stetson, 16 Me. (4 Shepley), 126; Fowble v. Rayberg, 4 Ohio (Hammond), 60; Scruggs v. Scruggs, 46 Mo. (5 Post), 273: We are of opinion that the circuit court had power to allow the motion.

In this case the amendment proposed is in affirmance of the decree, and in aid of rights acquired and actual possession thereunder. It is consistent with the return made, so far as it goes, and supplies its defects only by addition of statements the truth of which is not denied and admits of no reasonable doubt upon the evidence introduced. And no rights of third persons have intervened. The error was such as is

easily liable to be committed and to escape the notice even of the court. The appellant claims that he was not aware of it until March 15, 1882.

The order of the circuit court is reversed and the cause remanded for further proceedings in conformity with this opinion.

Reversed and remanded.