## Mary Lies v. Elizabeth Klaner.

### Gen. No. 12,033.

1.  SUMMONS—*power of court to authorize signing of return to.* A court of chancery has power, even after the rendition of a decree, to permit the sheriff to sign the return made on the summons, a sufficient showing having been made.

2.  MASTER—*when proceedings before, cannot be questioned.* Where no objections have been filed, proceedings had before the master cannot be questioned on appeal.

Foreclosure proceeding. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed July 3, 1905.

MORTON T. CULVER for appellant.

SIMON STRAUS, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a decree foreclosing two trust deeds on a bill filed by appellee against appellant and others. The defendants to the bill are very numerous; many of them were defaulted and the bill taken for confessed against them. Mary Lies, the appellant, answered, a guardian *ad litem* was appointed for a number of minor defendants, and they answered by their guardian. Replications were filed to the answers, and the cause was referred to a master to take proofs and report the same, with his opinion on the law and evidence. The master found and reported that the material allegations of the bill were true and recommended a decree as prayed by the bill, and the court decreed accordingly. No evidence was introduced before the master by appellant, nor did she file any objection to the master's

report or any exceptions to his report in the Superior Court.

Counsel for appellant contends here that the court did not acquire jurisdiction of certain minor defendants for whom he did not and does not appear. The facts in regard to these defendants, George Lies, Katherine Bester, Henry Bester and Mary Lies (not the appellant), are, that summons was returned by deputy sheriff Hoffman served on each of said defendants, by delivering a copy thereof personally to each of them, and that the deputy sheriff, by inadvertence, omitted to sign the sheriff's name, by himself as deputy, to the return, and the court, December 17, 1904, after the rendition of the decree of forcelosure, which occurred May 16, 1904, on motion of appellee, and notice to all the defendants and to appellant's solicitor, and on examination of the deputy sheriff on oath, in open court, entered an order the granting part of which is as follows: "Now, therefore, leave is hereby granted to said Thomas E. Barrett, Sheriff of Cook County, by F. N. Hoffman, his deputy, to amend his return of the service of summons on the defendants, George Lies, Katherine Bester, Henry Bester and Mary Lies, as the same was endorsed on the original summons issued by the clerk of this court, by subscribing and signing the name Thomas E. Barrett, by F. N. Hoffman, deputy, to the return of the service of summons on the defendants, George Lies, Katherine Bester, Henry Bester and Mary Lies, as heretofore endorsed hereon", whereupon, the said deputy sheriff produced the original summons with his return endorsed thereon, and signed the return, "Thomas E. Barrett, Sheriff, by F. N. Hoffman, deputy." That the court had ample power to authorize the signing of the return is settled in the following cases: Dunn v. Rodgers, 43 Ill., 260; Nat. Ins. Co. v. Chamber of Commerce, 69 Ill., 22; Grassly v. Adams, 71 Ill., 550; Chicago Planing Mill Co. v. Merchants' Nat. Bank, 97 Ill., 294; County of LaSalle v. Milligan, 143 Ill., 321, 344-5.

All other objections made by appellant's counsel, in argument, relate solely to the proceedings before the master. As before stated, no objection was filed to the master's report,

nor was any exception filed in court. Counsel for appellant cannot be heard here to object for the first time. "The master's report must be held to be conclusive of all questions covered by it not excepted to." Cheltenham Improvement Co. v. Whitehead, 128 Ill., 279, 285.

The decree will be affirmed.

*Affirmed.*