BROWN, *Plaintiff in Error*, v. LANGLOIS.

A **Sheriff's Return** upon a writ of summons showing that he has executed the writ by leaving a copy of the writ and petition "at the usual place of abode, *when in the city of Cape Girardeau,* of the within named defendant, with a person of *the* family over the age of fifteen years," is bad, and a judgment by default rendered on such return is a nullity.

*Error to Cape Girardeau Court of Common Pleas.*—HON. HAMILTON G. WILSON, Judge

AFFIRMED.

*Lewis Brown pro se,* cited *Jones v. Relfe,* 3 Mo. 389; *Wade v. Jones,* 20 Mo. 79; *Freeman v. Thompson,* 53 Mo. 190; *Rumfelt v. O'Brien,* 57 Mo. 572; *Bernecker v. Miller,* 44 Mo. 111; *Lindell v. The Bank,* 4 Mo. 228; *Dickerson v. Chrisman,* 28 Mo. 138.

*Alex. J. P. Garesche* and *J. B. Dennis* for defendant in error, cited *Hickman v. Barnes,* 1 Mo. 156; *Spencer v. Med-*

*der*, 5 Mo. 461; *Stewart v. Stringer*, 41 Mo. 400; *Blanton v. Jamison*, 3 Mo. 52; *Smith v. Rollins*, 25 Mo. 410; *Cabeen v. Douglass*, 1 Mo. 239; *Waddingham v. St. Louis*, 14 Mo. 195; *Hewitt v. Weatherby*, 57 Mo. 279; *Matthews v. Blossom*, 15 Me. 401; *Dobbins v. Thompson*, 4 Mo. 118; *Sanders v. Rains*, 10 Mo. 770.

NAPTON, J.—This suit was brought in the Cape Girardeau common pleas court, and the service of the writ of summons is in these words: "Executed the within summons in the county of Cape Girardeau, and State of Missouri, by leaving a true copy of the within writ, petition and account, at the usual place of abode, when in the city of Cape Girardeau, of the within named John W. Langlois, with a person of the family over the age of fifteen years, this 3rd day of January, A. D. 1876." At the return term default was taken. "Now comes the plaintiff, and defendant although duly summoned, being called, comes not, but makes default." At the subsequent term final judgment was rendered, execution issued, and under this writ of execution real estate was levied on and sold, and on the return day of the execution the defendant moved to quash the execution, because the judgment was void for want of service of the writ of summons. This motion was sustained, and from this an appeal is taken. We think the judgment of the court of common pleas was right. The return does not conform to the law, and the judgment by default is a nullity. It is no attempt to contradict a record collaterally or by parol, for the return upon the writ is a part of the same record, which recites that the defendant was duly summoned. Judgment affirmed. The other judges concur.