BLODGETT, *Appellant*, v. SCHAFFER.

1. **Evidence**: CUSTOM OF OFFICER. It is competent for an officer, where it is relevant to a fact in issue, to testify as to the custom of his office and the manner of the discharge of its duties.

2. ———: CUSTODIAN OF RECORDS. It is also competent for the custodian of records, after having searched them, to testify as to what he found or did not find written upon them.

3. ———: COURT ROLL: PRESUMPTION. Where the roll of a court appears on inspection to be complete, no presumption will be indulged in, that part of the files are missing.

4. **Summons**: CORPORATION: JURISDICTION. The writ of summons in a suit for back taxes in which the Union National Bank of St. Louis was a defendant, commanded the sheriff to summon T. H.

Blodgett v. Schaffer.

Larkin, who was at the time president of the bank. The sheriff returned that he had made service by the delivery of a copy of the writ and petition "to T. H. Larkin, the within named defendant." *Held*, that the service was not made upon the bank and no jurisdiction was acquired over it.

5. ———— : ———— : ———— : AMENDMENT. Nor could the court subsequently, and without notice to the parties in interest, make the service a valid one on the bank by erasing the name of Larkin and inserting that of the bank in lieu of it.

6. **Summons.** The record recitals in the judgment entry as to the service of the summons, are not conclusive where the service found in the roll is fatally defective.

7. ————. The service recited in the roll will govern where there is a conflict between it and that recited in the judgment entry.

8. **Back-Tax Deed : SPECIAL STATUTE OF LIMITATIONS.** The three years special statute of limitations (2 W. S. 1872, p. 1367, sec. 221) will not avail a defendant in ejectment relying on a tax deed where it does not appear when, if ever, the deed was placed of record, or where the question was not passed on below.

9. ———— : ———— : REPEAL OF. The said three years special statute of limitations was repealed by the Revised Statutes of 1879.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED AND REMANDED.

Statement of the case, by SHERWOOD, J.

On January 22, 1885, plaintiff brought ejectment for the east one-half of the northeast quarter of the southeast quarter and the southwest quarter of the southeast quarter of section 24, township 47, range 26, in Johnson county, Missouri. Petition in usual form, alleging ouster on the twenty-fourth of the preceding October. Defendant in his answer admitted possession of the premises; but the other allegations of the petition he denied.

On the trial it was stipulated that the Union National Bank of the City of St. Louis was the common source of title ; that, on and prior to the eighteenth day of

August, 1880, and at the time of the delivery of a copy of the summons and a copy of the petition, by the sheriff of the city of St. Louis, or his deputy, to Thomas H. Larkin, in the tax suit under which defendant claims title, the Union National Bank of the City of St. Louis was a corporation ; that said Larkin was the president and chief officer thereof, and that he resided in the city of St. Louis.

The plaintiff offered in evidence, without objection, a deed from the Union National Bank of St. Louis, dated October 22, 1884, conveying the land in question to himself  On this evidence the plaintiff rested his case.

(1) The defendant offered in evidence a deed purporting to have been executed by John A. Shaw, sheriff of Johnson county, Missouri, to John Newton. The deed recites that, on the tenth day of November, 1880, judgment was rendered in the circuit court of Johnson county, Missouri, in favor of the state of Missouri, at the relation and to the use of W. P. Hunt, collector of the revenue of Johnson county, etc., against John Newton, Caroline F. McCown, and the Union National Bank of the City of St. Louis, for the sum of $145.12 on account of certain delinquent state, county, and special taxes, assessed and found by said court to be due and unpaid upon the following described real estate, to-wit :   (1) The southwest quarter of the southeast quarter of section 24, township 47, range 26 ; (2) the northeast quarter of the southeast quarter of section 24, township 47, range 26 ;  (3) the north half of the southeast quarter of the southwest quarter of section 24, township 47, range 26.   The deed also recites the years for which the taxes were levied ; that said taxes were adjudged a lien on said real estate ; that so much thereof was ordered sold as might be necessary to satisfy said judgment and costs ; that a special execution was issued on said judgment; that by virtue thereof

Blodgett v. Schaffer.

said sheriff, on the twenty-fifth day of February, 1881, after giving due notice, etc., sold said real estate to John Newton (one of the defendants in the tax suit) for $383. The deed then, by apt words, purports to convey by virtue of said judgment and execution and sale, all the right, title, and interest of said John Newton, Caroline F. McCown, and the Union National Bank of the City of St. Louis, in and to said real estate to said John Newton. The deed was signed and sealed by said sheriff and purported to have been executed and acknowledged in open court on the twenty-sixth day of February, 1881.

To the introduction of the above mentioned deed in evidence the plaintiff objected, because the same was incompetent, for the reason that no jurisdiction was acquired by the court in the suit under which said land was sold, over the party (The Union National Bank of St. Louis) through whom plaintiff claimed title. The objection was by the court overruled; the deed was read in evidence, and plaintiff at the time excepted.

(2) The defendant then offered in evidence the judgment under which said land was sold by the sheriff, and on which his deed was based; said judgment being in words and figures as follows, to-wit:

"State *ex rel.* W. P. Hunt, Col.

vs.

John Newton, Caroline Mc-Cown and the Union National Bank of the City of St. Louis in the State of Missouri.

Suit for back taxes.

" Now comes said plaintiff by attorney, and said defendants being duly summoned and solemnly called come not but make default, wherefore plaintiff ought to recover by reason of the premises, and this suit being on a back-tax bill by which the amount of plaintiff's demand

is ascertained, the court finds that said defendants are the owners of the following described real estate, situate in the county of Johnson, state of Missouri, to-wit: (1) The southwest quarter of the southeast quarter; (2) the northeast quarter of the southeast quarter; (3) and the north one-half of the southeast quarter of southwest quarter, all in section 24, township 47, range 26; that the taxes and interest due and unpaid thereon is as follows: Upon said tract number 1 for the years 1868, 1869, 1870, 1871, 1872, 1874, 1875, 1876, 1877, 1878, $64.44; upon said tract number 2 for 1868, 1869, 1870, 1871, 1872, 1873, 1874, 1875, 1876, 1877, 1878, $72.86; and upon said tract number 3 for 1874, 1875, 1877, and 1878, $7.82; making in the aggregate the sum of $145.12, which said sum is a lien upon said land in favor of the state of Missouri.

"Wherefore, it is ordered, adjudged, and decreed by the court that the default aforesaid be made final; that the law of the state be enforced against said premises; that plaintiff have and recover judgment against said defendants for said sum of $145.12, so found due and owing as aforesaid, with ten per cent. interest and costs of this suit; that said lands be sold to satisfy this judgment, and that a special execution issue therefor."

To the introduction of which judgment in evidence the plaintiff objected, for the reason that the court acquired no jurisdiction over plaintiff's grantor in the cause in which said judgment was rendered, and because said judgment was void as to plaintiff.

The objections were by the court overruled; the judgment was read in evidence, and plaintiff at the time excepted.

(3) The defendant read in evidence, without objection, a deed dated March 8, 1881, from John Newton and wife to James H. Newton for the premises in question.

(4) The defendant read in evidence, without objection, a deed dated October 16, 1882, from James H. Newton and wife to himself—David Schaffer—for the premises in question.

(5) The defendant read in evidence, without objection, a deed dated January 16, 1876, from Russell Hick to the Union National Bank of St. Louis for the premises in question.

(6) It was then admitted that neither the defendant nor said John Newton were ever in possession of the land prior to the tax sale.

On the foregoing testimony the defendant rested his case.

The plaintiff in rebuttal offered in evidence the original judgment roll in the tax suit of "State of Missouri ex rel. Hunt v. Newton et al., to-wit: The original petition, tax-bills, writ and return of sheriff thereon; the counterpart, writ and return thereon; also certain indorsements in pencil on the original petition and counterpart; the special execution in said cause and the return and report of sale thereunder.

The petition in the tax suit was entitled as follows:

The State of Missouri, at the relation and to the use of William P. Hunt, collector of the revenue of Johnson County, in the State of Missouri,

vs.

John Newton, Caroline F. McCown and the Union National Bank, of the City of St. Louis, in the State of Missouri.

In the Circuit Court of Johnson County, October Term, 1880.

(The body of the petition is in the usual form in such cases. It states that the taxes were duly assessed and levied; gives the kind of tax and the amount due

each year on each tract; alleges that defendants were the owners of the land; that they had neglected and refused to pay the taxes; that the taxes were a lien, and prays for judgment, special execution, etc. With the petition were filed the back-tax bills, as made out and certified by the collector).

To the original petition there was attached' a summons for the defendants, John Newton and Caroline F. McCown, and on that summons there is a return of the sheriff in words and figures as follows, to-wit:

"Executed the within petition and writ in the county of Johnson and state of Missouri, on the 23d day of August, 1880, by delivering a certified copy thereof to the within-named defendant, John Newton. I further certify that, on the 11th day of September, 1880, I delivered to the within-named defendant, Caroline F. McCown, a true copy of the within writ.

Z. H. EMERSON,
Sheriff of Johnson County.

By C. H. HEWITT, Deputy."

On the back of the original petition is the following indorsement:

PETITION

IN

SUIT ON DELINQUENT LANDS.

STATE OF MISSOURI

vs.

JOHN NEWTON, CAROLINE
F. McCOWN, UNION NATIONAL
BANK OF ST. LOUIS.

(The following is in pencil)

" Counterpart to City of St. Louis
for Union National Bank, to be
served on T. H. Larkin."

Received Aug. 18, 1880.

Z. H. EMERSON, Sheriff.

Judgment $145.12.

Filed Aug. 26, 1880.

H. S. WITHERSPOON,
Clerk.

When offered in evidence the summons attached to
the counterpart sent to the city of St. Louis appeared
as follows:

State of Missouri, ⎱
⎰ In the Circuit Court.
County of Johnson. ⎱

The State of Missouri to the Sheriff of the City of
St. Louis, Greeting:—We command you to summons

The Union National Bank of the City of St. Louis.

if he be found in your city, to appear before our circuit
court, to be holden within and for the county of John-
son, at the courthouse in the city of Warrensburg, in
said county, on the first day of the next term thereof,
to be begun and held on the second Monday in October

next A. D. 1880, then and there, before the judge of our said court, to answer the petition of _____

The state of Missouri *ex rel.* W. P. Hunt, Collector ———— (a certified copy of which said petition is hereto annexed). And have you then and there this writ with the return of your action thereon.

Witness my hand as clerk of our said court and the seal thereof. Done at office in Warrensburg in the county aforesaid on the 16th of August, 1880.

H. S. WITHERSPOON, Clerk.
By W. K. MORROW, Deputy.

On the back of the counterpart offered in evidence was the following memorandum in pencil :—

"Serve Larkin for the Bank."

On the back of the writ sent to St. Louis is a return of the sheriff of said city in words and figures as follows, to-wit:

"Executed the within petition and writ in the city of St. Louis, and state of Missouri, on the 11th day of Aug., 1880, by delivering a copy of the writ and petition, as furnished by the circuit clerk of Johnson county, Missouri, to T. H. Larkin, the within named defendant.

"JOHN FINN,
"Sheriff of City of St. Louis, Mo.
"By PAYTON S. JONES, Deputy."

The special execution, the sheriff's return thereon, and his certificate of sale, wherein he states he had sold the land in the execution described to John Newton for $383 ; that he applied $148.98 on the debt, $56.57 to the payment of costs, and had left in his hands a balance of $175.48, are all in the usual form in such cases.

To the introduction of which judgment roll, etc., in evidence the defendant objected, because offered to disprove a fact which the judgment in that case recited as proven, and contradicted said judgment.

The plaintiff called W. K. Morrow as a witness, who testified as follows: "I am at present the clerk of this court. At the time this tax suit was brought and the writs therein issued I was the deputy clerk of this court, and H. S. Witherspoon was clerk. The papers offered in evidence by plaintiff in this cause in the case of *State ex rel. Hunt v. Newton et al.*, are all the papers in said cause which can be found in my office, and to the best of my knowledge and belief are all the original papers in said cause. The counterpart offered in evidence, is the counterpart ordered to be issued in this cause. We never issue writs without an order, and never issue an *alias* writ without an order of the court. I cannot find, after carefully searching the records, any order for an *alias* writ in this cause. The writ attached to the counterpart in this cause was originally directed to Thomas H. Larkin, and the words, 'Union National Bank of the City of St. Louis,' did not appear therein. During the last term of this court, and after final judgment in said tax case, I run my pen through the words, 'Thomas H. Larkin,' and wrote thereunder the words, 'The Union National Bank of the City of St. Louis.' I did this in obedience to an order of this court, made at the last term of this court and entered of record."

To all of which defendant objected for same reason before stated.

CROSS-EXAMINED.—"After the case now being tried was begun, the attorney for defendant herein came to me for the papers in said tax case, and I hunted all over town for them and finally found them in the office of Crissey & Stevenson, abstract makers in this city. Crissey & Stevenson are in the habit of coming to my office and taking out papers to examine for the purpose of abstracting them. I cannot, of course, swear positively that these are all the papers in that case. There may possibly have been other papers, but I do not think there was, as it is our custom to keep all the papers of the case together."

This was all the evidence offered by the plaintiff.

The defendant then offered in evidence the motion for the order of court directing the clerk to amend said writ, which motion is as follows :

"In the Circuit Court, Johnson County, Missouri.

"State *ex rel.* W. P. Hunt, Col.,
    Plaintiff,
   *vs.*
John Newton, Union National
 Bank of St. Louis, *et al.*,
    Defendants.

February Term, 1885.

"Now comes David Schaffer and shows to the court that, on the sixteenth day of August, 1880, in this said circuit court for the county of Johnson and state of Missouri, the said state of Missouri at the relation of W. P. Hunt, collector of the revenue for said county, filed its petition and commenced its action against the Union National Bank of St. Louis, Caroline F. McCown, and other defendants, and as owners of the following described real estate, to-wit : The southwest quarter of the southeast quarter, and the north half of the southeast quarter and the north half of the southeast quarter of the southwest quarter, all in section twenty-four (24), township forty-seven (47), range twenty-six (26), to recover of said defendants taxes then due and owing upon said land for the years 1868 and 1878 inclusive and costs, and to have the same made a lien upon said lands, and the same sold for the payment thereof.

"That a writ of summons attached to a copy of the petition in said cause was issued by the clerk of the said court and sent to the said city of St. Louis to be served upon the defendant, the said Union National Bank of St. Louis; that said clerk by clerical error and mistake, instead of writing in said summons the name of the said defendant, the said Union National Bank of St. Louis, inserted the name of the president of said bank, T. H. Larkin ; that service was had upon the said

defendant, the Union National Bank of St. Louis, by delivering a duly certified copy of the said summons and petition to the said president of the said bank, T. H. Larkin, at the proper time as required by law, and that service was duly had upon the defendants in said cause, and this court, on the tenth day of November, 1880, rendered judgment in favor of the said plaintiff and against the said Union National Bank of St. Louis, as well as the other defendants, for the said taxes and costs, declared the same to be a lien on the said land, and that execution issue therefor, and that afterwards special execution was issued upon said judgment, and all the right, title, and interest of said defendant, the said Union National Bank of St. Louis, as well as of the other defendants, was sold, and that the said David Schaffer by *mesne* conveyance became and now is the owner of the said lands. By reason of the premises he, therefore, prays the court to grant leave to the said clerk of the said court, and that he be ordered to correct said summons, and that the name of the said T. H. Larkin be erased therefrom, and that in its stead be inserted by said clerk in said summons the name of the said defendant, the said Union National Bank of St. Louis, and for other relief.

"O. L. HOUTS,
"Attorney for David Schaffer."

Acting upon this motion the court made the following order:

"State of Missouri to the use of and at the relation of W. P. Hunt, Collector of Revenue,

*Against*

John Newton, Caroline F. McCown, and the Union National Bank of the City of St. Louis.

"Now, at this day the motion of David Schaffer filed in the above entitled cause coming on to be heard,

after hearing the same, leave is hereby granted by the court to the clerk of this court, and the court doth order said clerk to amend the summons heretofore issued in this cause to the sheriff of the city of St. Louis, by the striking out of the said summons the name of T. H. Larkin, and by writing in lieu of the same the name of the defendant in the said cause, the said Union National Bank of the City of St. Louis, and that the sheriff of the said city of St. Louis and his deputies have leave and are hereby ordered to amend the return made by them to said summons, by inserting in said return after the figures '1880' the words 'Upon the defendant, the Union National Bank of the City of St. Louis,' and by inserting in said return, after the name 'T. H. Larkin,' the words 'President of the Union National Bank of the City of St. Louis,' which said amendments are accordingly made."

To the introduction of said motion and order in evidence the plaintiff objected, for the reason that the same were made without any notice to said bank or plaintiff, and because the recitals thereof, "that the sheriff of said city of St. Louis had amended his return," were false, and because said order could not affect the rights of plaintiff, and the court had no authority to make the said order, and the same was void for want of jurisdiction in the court making the same.

The court overruled the objections of plaintiff and admitted said order and motion in evidence, to which ruling and order of the court the plaintiff then and there at the time excepted.

This was all the evidence offered by either party.

The plaintiff thereupon prayed the court to declare the law as follows:

"1. The court declares the law to be that the fact that a writ was issued against Thomas H. Larkin, in a case wherein the Union National Bank, a corporation

Blodgett v. Schaffer.

of which Larkin was president at the time, was defendant, and said writ served upon Thomas H. Larkin, is not sufficient to give the court jurisdiction of the Union National Bank, although the court in rendering the judgment found that the Union National Bank had been duly summoned."

" 2. The court declares the law to be that this court has and had no right, power, or authority after final judgment to amend the writ issued and served as set forth in instruction number one, by striking out the name of Thomas H. Larkin in said writ, and inserting therein the name of the Union National Bank, or to order the clerk to make said amendment, or to order the sheriff to amend his return, or to find that said amendment had been made when in fact it had not, so as to affect the rights of any person not having been served with due notice of application for such amendment, or so as to bind any such person or estop them from disputing the truth of such finding that the sheriff had so amended his return."

" 3. The court declares the law to be that, upon the pleadings and the evidence herein, the finding of the court must be for the plaintiff."

" 4. The court declares the law to be that an inspection of the record in the case of *State ex rel. Hunt v. Newton, et al.* shows that the court never acquired any jurisdiction over the Union National Bank, a defendant therein."

" 5. The court declares the law to be that the issue of a writ commanding a person in his individual capacity to appear, etc., in a cause, and the service of such writ upon such person cannot in any event give the court, issuing said writ, jurisdiction over a corporation of which he may be president, although said corporation may be a party defendant in the cause wherein the writ was issued, and although, without notice to the corporation, or to the individual, and after final judgment, the

court has stricken out the name of the individual and inserted that of the corporation in the writ and found that the sheriff had amended his return to show service on the corporation, when in fact such finding was false."

" 6.    The court declares the law to be that the finding of the court, that the defendants were duly summoned, cannot be binding on a corporation in a cause wherein it is defendant and wherein no writ has been issued commanding it to appear, etc., and no such writ was issued, although in said cause a writ has been issued directed to and served upon the person who at the time was its president, or chief officer, by his individual name, commanding him as an individual to appear, without mentioning his official connection with the corporation."

" 7.    The court declares the law to be that, in the case of *State ex rel. Hunt v. Newton et al.*, there was a total failure of service upon the defendant, Union National Bank, and for that reason the finding of the court, that it had been duly summoned, cannot bind it ; but if the court had issued a writ properly directed to the defendant, ' Union National Bank,' commanding it to appear, etc., and said writ had been erroneously or defectively served, then and in that case said finding would have been binding."

" 8.    The court declares the law to be that the proceeding to recover delinquent taxes is a proceeding to deprive a citizen of his private property for public purposes, and is a proceeding *in invitum* and should, in no case, be held to bind any one until jurisdiction has been acquired by the issue and service of a writ properly directed to such person, or by publication, or voluntary appearance."

The court refused to give each and all the eight foregoing instructions, to which action and ruling of the court the plaintiff then and there excepted at the time.

No declarations of law were asked by the defendant.

The court thereupon found the issues for the defendant and entered final judgment in his favor.

*S. P. Sparks* and *H. S. Priest* for appellant.

(1) The judgment rendered against the bank in the tax suit was void, because no suit was ever commenced against it. Corporations are creatures of statute, and suits can be brought against them only in the manner provided by statute. R. S., secs. 747, 3485. (2) The judgment rendered against the bank in the tax suit was void, because no summons was served on it. *Hoen v. Railroad*, 64 Mo. 561; *Jordan v. Railroad*, 61 Mo. 52; *Haley v. Railroad*, 80 Mo. 112; *Gates v. Tusten*, 89 Mo. 13; R. S., secs. 748-9; *Claflin v. Iowa City*, 12 Ia. 284; *Cloud v. Pierce City*, 86 Mo. 357; *Windsor v. McVeigh*, 93 U. S. 274; *Thompson v. Allen*, 86 Mo. 85; *Rand v. Prop'rs Locks*, 3 Day, 441; *Bache v. Hort. Society*, 10 Lea [Tenn.] 436; *Heath v. Railroad*, 83 Mo. 617; *State v. St. Louis*, 1 Mo. App. 513; *Hewitt v. Weatherby*, 57 Mo. 276. (3) The recital contained in the judgment in the tax suit, to the effect that the bank had been duly summoned, was not conclusive. It was competent for the plaintiff in this cause to show from the entire record that no summons was issued against the bank, or served on it. *Cloud v. Pierce City*, 86 Mo. 357; *Brown v. Woody*, 64 Mo. 547; *Gilkeson v. Knight*, 71 Mo. 406; *Settlemeier v. Sullivan*, 97 U. S. 444; *Hemmer v. Wolfer*, 11 N. E. Rep. [Ill.] 885; *Hargadine v. VanHorn*, 72 Mo. 370; *Crow v. Meyersieck*, 88 Mo. 411. (4) The order of the circuit court, entered in 1886 at the instance of the defendant in this cause, directing the clerk to change the writ by striking out the name of Larkin and inserting the name of the bank as defendant, was a nullity, and the change made by the clerk did not affect the rights of the plaintiff in this action. That amendment of judicial

proceedings, even in a proper case, cannot be made to the prejudice of the rights of third parties, acquired between the proceedings and the amendment, is a doctrine of universal recognition. *McClannahan v. Smith,* 76 Mo. 428; *Ins. Co. v. Ins. Co.,* 13 Ohio, 220. (5) Notice of the proposed amendment was necessary, in order to be of any force against any one claiming under a party to the proceeding amended. *Patten v. Wrightman,* 51 Mo. 432; *George v. Middough,* 62 Mo. 549; *Weed v. Weed,* 25 Conn. 337; *Randall v. State,* 1 Ind. 395. (6) An authority to amend cannot be so exercised as to change the very nature of the paper sought to be amended. Amendments are allowed as to form, but not as to substance. *Parker v. Rhodes,* 79 Mo. 88; *Lumpkin v. Collier,* 69 Mo. 170; *Scoville v. Glasner,* 79 Mo. 449; *Fields v. Maloney,* 78 Mo. 172; *DeLoach v. Bank,* 27 Ala. 444; *Blanks v. Rector,* 24 Ark. 496; *White v. Sydenstriker,* 6 W. Va. 46; *Foster v. Woodfin,* 65 N. C. 29. (7) The court erred in refusing the instructions asked by plaintiff.

*O. L. Houts* for respondent.

(1) According to our practice, the petition is filed before the writ issues, and is the foundation of the latter. Service of the process on the right party, though the wrong name by mistake of the clerk be inserted in the writ, if the right name be inserted in the petition accompanying, the writ is good, and gives the court jurisdiction. The mistake may be corrected or amended at any time; the process is good without amendment. *Jones v. Cox,* 7 Mo. 173; *Jarbee v. Steamboat,* 19 Mo. 141; *Hite v. Hunton,* 20 Mo. 285; *Parry v. Woodson,* 33 Mo. 247; *Weber v. Ebling,* 2 Mo. App. 15; *Krinske v. Railroad,* 77 Mo. 362; *Stone v. Ins. Co.,* 78 Mo. 655; *State to use v. Burtis,* 34 Mo. 92; *Payne v. Collier,* 6 Mo. 321; *Hicks v. Ellis,* 65 Mo. 176; *Hanly v. Dews,* 1

Mo. 15; *Gibson v. Chouteau*, 45 Mo. 171; *Dunham v. Hilfong*, 69 Mo. 355; *Reize v. Castlio*, 8 Mo. App. 290; *Goseim v. Thompson*, 61 Mo. 471; Freeman on Judg. [3 Ed.] secs. 126, 154. The defect could be cured after judgment in affirmance of judgment. R. S., sec. 3570. It would be cured by verdict, the statute treating the proper amendment as having been made. R. S., sec. 3582. (2) A summons that can be amended is not void, but gives a court jurisdiction to render judgment. "The rule is, that judicial proceedings which are amendable are not void. Amendability in such cases is the *experimentum crucis* of legal validity." *Rosenheim v. Hartsock*, 90 Mo. 357; *Hardin v. Lee*, 51 Mo. 241. (3) Under the foregoing authorities, and they go to that extent if the writ is served on the party, by the wrong name, intended to be sued, and judgment is obtained by default, he is concluded, even though the wrong name appear in the petition and judgment as well. (4) The judgment rendered in the tax suit recites, "and said defendants being duly summoned and solemnly called, come not, but make default." This was a solemn adjudication as to service unappealed from and unreversed by a court competent to adjudicate and pass upon the validity of the service of its process. It cannot be collaterally impeached by the introduction of a "fragment of the record" and not at all by appellant, who is a stranger to the record. *Wellshear v. Kelley*, 69 Mo. 343; *Hardin v. Lee*, 51 Mo. 241; *Rumfelt v. O'Brien*, 57 Mo. 569; *Freeman v. Thompson*, 53 Mo. 183; *Kane v. McCown*, 55 Mo. 181. (5) The tax deed, under which respondent claims, is valid on its face, and having been recorded for more than three years before the bringing of this suit, the special statute of limitations was a complete bar to appellant's action. *Wise v. Atterbury*, 8 Mo. 114.

SHERWOOD, J.—I. As already seen, the question this

record presents is, whether the circuit court acquired jurisdiction over the Union National Bank of the City of St. Louis, by the service of its process upon that corporation in the tax suit, under the proceedings in which the defendant claims title. It sufficiently appears, from the testimony of the clerk, Morrow, that the papers in the tax case constituted the entire judgment roll; this is apparent for several reasons : (1) They were all the papers in the cause that could be found in his office, after diligent search ; and he declares that, to the best of his knowledge and belief, they are all of the original papers in the cause. His presumed familiarity with the rolls in his office gives his testimony in this respect great weight ; (2) they were all found together, and in that way it was the custom of his office to keep them ; (3) that it was the custom of his office never to issue writs without an order, and never to issue an *alias* writ without an order of the court, and after careful searching of the records he testifies he could not find any order for an *alias* writ in that cause ; and it was competent for him to testify as to the custom of his office, and the manner of his discharge of its duties. *Mathias v. O'Neill, ante,* p. 520. It was equally competent for him, having made search of the records of his office, to testify as to what he found or did not find written upon them ; the proof is as complete as if the records were present to be inspected ; this proof could be attained in two ways, either by inspection, or else by the sworn testimony of the keeper, who has carefully examined them with the view to establish the fact. *Durham v. Heaton,* 28 Ill. 264. (4) The roll, upon inspection, appeared to be complete ; it was not fragmentary ; there was no diminution observable or token of spoliation about it ; and it will not be presumed, on mere surmise or conjecture, that any of the files constituting the roll were missing ; for this would be a presumption contrary to the due and orderly course of

Blodgett v. Schaffer.

business, as well as a presumption of dereliction from official duty on the part of the clerk ; neither of which presumptions can be indulged.

II. The roll, then, in the tax case must, therefore, be regarded as complete, and being complete, the record recitals of service had on the defendant are not conclusive, if the service found in the roll is fatally defective ; for in such case, it will be intended that the service found in the roll is the same service, and the only service referred to in the general words of the record recital, "or finding of jurisdiction." And if the general finding of the jurisdiction, contained in the record of the judgment, comes in conflict with the particular words of the judgment roll, such latter words showing the *precise* method of *service had*, the recitals of the judgment roll will countervail the former recital and confine it within the limits of the special recital, and if that prove invalid, the judgment based thereon will share a similar fate. *Cloud v. Inhabitants of Pierce City*, 86 Mo. 357, and cas. cit.

III. In the tax case it is quite plain that the service had was not had upon the defendant, and was, therefore, altogether valueless. The party named in the writ was not a party to the action, and service was had upon Larkin alone in his individual capacity, and the attempted amendments confessed this fact, or else why were they made ?

IV. It is equally clear that the attempted amendments of the writ and return by the order of the court, without notice to the defendant, and after the present action was begun, and without the action or knowledge of the sheriff of the city of St. Louis, were wholly without warrant of law, and without precedent. By one of these pretended amendments, the return of the sheriff was *falsified*. Such attempts to heal errors and to cure mistakes cannot be tolerated ; if they were, no man's title would be safe, where it depends upon a

sheriff's return remaining intact until amended by that officer with the permission of the court, and in accordance with the facts.

V. It has been suggested that, in any event the action of the plaintiff is barred by the special statute of limitations, the tax deed being valid on its face, and having been recorded for more than three years. There are several answers to this contention: In the first place, no such point was passed upon by the trial court; in the second place, this record does not show when, if ever, the tax deed was recorded; and in the third place, the tax sale occurred in 1881, when the revision of 1879 was in force, and in that revision such special statute, section 221 of the revenue act of 1872 (2 W. S., 1872, p. 1207, sec. 221), has not been preserved, and is, therefore, repealed, according to the provisions of section 3160, Revised Statutes, 1879.

The judgment is reversed and the cause remanded, with directions to the trial court to enter a judgment for the plaintiff in accordance with the facts disclosed by this record. All concur, except Ray, J., absent.