ALFRED DOERING, Appellant, v. G. R. KENAMORE, Administrator, Respondent.

**St. Louis Court of Appeals, April 29, 1889.**

1. **Practice, Trial:** REVIVAL : SCIRE FACIAS. Service of a *scire facias* upon a person in his individual capacity, to revive a suit originally brought against a defendant who has since died, is null and void, as to any representative character held by the person served.

2. **Practice, Trial:** REVIVAL : SCIRE FACIAS. An order of revival against the administrator of a decedent originally sued in his life-time, is a nullity, when the service of *scire facias* was made before the appointment as administrator of the person served.

*Appeal from the Dent Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*A. McElhinney*, for the appellant.

Appellant suggested the death of Grant A. Kenamore, and asked that the respondent, G. R. Kenamore, administrator of Grant A. Kenamore, be made a party to the suit, and that he show cause why the action should not be revived against him as such. He acknowledged service of the writ upon him and made no objections thereto at the time. He subsequently took out letters upon the estate of Grant A. Kenamore, deceased, and evidently and presumptively appeared to the cause at the next term of the court ( having then taken out letters upon the estate ), or the judgment of revival of the suit against him, under the style of administrator of the estate of G. A. Kenamore, would not have been entered, and the cause continued. The court, entering the judgment, is one of general jurisdiction. All the authorities agree, that every presumption will be indulged in favor of the validity of

its judgments. The form of its writs, judgments and entries, as shown by the transcript, are inartificial, rude and ill contrived, but we submit, the proceedings show a legal and proper judgment, at least against the collateral attack of a dead man, through the attorneys that he employed in his lifetime. The appellant made every effort in his power to bring in the respondent, and was led to believe that he had appeared to the action, as it was his duty, and interest to do, to save the securities on the forthcoming bond, given by G. A. Kenamore. The order of dismissal is erroneous in abating the suit entirely. It will certainly survive as to the securities on the forthcoming bond of Grant A. Kenamore, who it does not appear, are dead also. *Farrell's Adm'r v. Braman's Adm'x*, 25 Mo. 88.

*Seay & Woodside*, for the respondent.

The death of the defendant was suggested in writing by plaintiff's attorney, at the April term, 1886, and no *scire facias* or summons was ever issued against the administrator, and the third term of the court since the suggestion of death was made having elapsed, the cause abated and was properly stricken from the docket. 1 Gen. Stat. 1879, art. 8, pp. 624, 625. In all cases where the representatives of a deceased party shall not be made parties according to the provisions of this article, on or before the third term after the suggestion of the death of the party, the action shall abate as to such party, and the interest of his representative or successor therein. Stat. 1879, sec. 3668, p. 625. No provisions are made for extending the term so limited under any circumstances; the statute is imperative, and though a party may have been misled as to the *status* of his case, this does not alter the conditions. *Rutherford v. Williams*, 62 Mo. 252. And the result is the same, even though there is no administrator of the deceased. And there is no necessity for a motion to dismiss. *Ranney v. Bostic*, 15 Mo. 216. In an action of

replevin, the suggestion on record of the death of defendant abates the action and it cannot be revived against the administrator. *Rector, Adm'r, v. Chevalier*, 1 Mo. 345, side page ( page 245 of combined vol. 1, 2 and 3 ). And this action can only survive by the operation of section 96, Statute, 1879. And can only survive against the administrator and therefore the summons to G. R. Kenamore could have no effect for any purpose. The service of a summons on a party, in his individual capacity, gives the court no jurisdiction over him in a representative or official capacity. *Blodgett v. Schaffer*, 94 Mo. 652.

BIGGS, J., delivered the opinion of the court.

This is an action of replevin brought against Grant A. Kenamore. The defendant died in the latter part of December, 1885. At the April term, 1886, of the circuit court, the plaintiff suggested the death of defendant, and on plaintiff's motion, a *scire facias* was issued against one G. R. Kenamore, returnable to the October term, 1886, requiring G. R. Kenamore to show cause why he should not be made a party defendant to the action. This *scire facias* was served on September 13, 1886. At the October term, 1887, the following record entry appears, to-wit: "This suit is revived against G. R. Kenamore, administrator of estate of G. A. Kenamore and cause continued." At the October term, 1888, on motion of the attorneys who represented the deceased prior to his death, the court abated the suit. The court, in sustaining the motion found that more than three terms had elapsed since the suggestion of the death of Grant A. Kenamore and that no *scire facias* had issued against his administrator.

At the same term plaintiff appeared, and moved the court to set aside the order of dismissal. The court overruled plaintiff's motion and thereupon he tendered his bill of exceptions and appealed the case to this court.

At the time of the service of the *scire facias* on G. R. Kenamore, he was not the administrator of Grant A. Kenamore, but several months afterwards he was, by the probate court, appointed administrator of the estate of the deceased. His appointment was made on the tenth day of March, 1887. If we correctly understand the contention of appellant's counsel, it is, that the service on G. R. Kenamore in September, 1886, was sufficient to sustain the subsequent order of court reviving suit against him as administrator although he was not appointed administrator until several months after the date of service.

We do not think this position can be successfully defended.

The service of a summons on a party in his individual capacity gives the court no jurisdiction over him in his representative capacity. *Blodgett v. Schaffer*, 94 Mo. 652. The *scire facias* was directed to G. R. Kenamore as an individual, and if he had been administrator at the time of the service, it would not have authorized the court to make an order of revival against him as administrator. Therefore, the order of the court reviving the suit against G. R. Kenamore as administrator was made without the service of any notice and was a nullity. Appellant complains that the attorneys who originally represented the deceased had no authority to file a motion to dismiss the case for want of prosecution. There is nothing in this objection, because the motion was not necessary. *Ranney v. Bostic*, 15 Mo. 216. The statute is imperative and provides that *the suit shall be dismissed* unless the law has been complied with. Any order that the court might make after the expiration of the time, looking to the further prosecution of the suit, would bind no one.

We can see no reason why the judgment in this case should be disturbed. The judgment will, therefore, be affirmed. All the judges concur.